(No. 68233.—

STAFFORD E. LOCKETT, Appellee, v. THE CHICAGO POLICE BOARD *et al.*, Appellants.

*Opinion filed January 17, 1990.*

Judson H. Miner and Kelly R. Walsh, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Mardell Nereim, Assistant Corporation Counsel, of counsel), for appellants.

No appearance for appellee.

JUSTICE CLARK delivered the opinion of the court:

In November 1985, the superintendent of the Chicago police department (the superintendent) filed disciplinary charges against appellee, Stafford E. Lockett III, with the Chicago police board (the board). On September 29, 1986, the board determined the charges brought against appellee were supported by the evidence and ordered that appellee be discharged from his position as a police officer with the City of Chicago. On October 30, 1986, appellee filed a petition for administrative review pursuant to the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) in the circuit court of Cook County, naming the board and its individual members as defendants. Summonses were issued and served on the named defendants.

On November 25, 1986, the board filed a motion to dismiss appellee's complaint, alleging that he had failed to name the superintendent as a defendant. The motion alleged that the superintendent was a necessary party to the administrative review action and that appellee's failure to name the superintendent in his complaint was a fatal defect. On December 23, 1986, appellee filed a response to the motion to dismiss. In his response, appellee argued that the board was an agent of the superintendent and, consequently, notice to the board constituted notice to the superintendent. In the alternative, appellee sought to amend his complaint and join the superintendent as a defendant.

The circuit court found that appellee's failure to name the superintendent as a defendant in the administrative review action was a fatal defect which deprived the court of jurisdiction and dismissed the complaint without granting leave to amend. The appellate court determined that the complaint was not fatally defective because the superintendent was not a necessary party and reversed the judgment of the circuit court. (176 Ill. App. 3d 792.) We granted the board leave to appeal (107 Ill. 2d R. 315).

This case involves the questions of: (1) whether the superintendent was a necessary party in this action for administrative review; and (2) if so, whether the failure to join him as a party and to issue summons can be cured by amendment made after the expiration of the 35-day period.

First we consider whether the superintendent was a necessary party to the action for administrative review. The procedural requirements for judicial review of an administrative decision are governed by the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 et seq.). Pursuant to that act, an action for administrative review "shall be commenced by the filing of a complaint

and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1985, ch. 110, par. 3—103.) Summons must be issued on the administrative agency itself and on all defendants. (Ill. Rev. Stat. 1985, ch. 110, par. 3—105.) Section 3—107 requires that "all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency *** be made defendants." (Ill. Rev. Stat. 1985, ch. 110, par. 3—107.) Section 3—102 provides that "[u]nless review is sought *** *within the time and in the manner herein provided,*" a party is barred from bringing an action for administrative review. (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 3—102.) Since the Administrative Review Law is a departure from common law, the procedures it establishes must be strictly adhered to in order to justify its application. *Winston v. Zoning Board of Appeals* (1951), 407 Ill. 588, 595.

The board contends that because the superintendent was a party to the administrative proceeding he must be named as a defendant in any action seeking administrative review of that decision.

The appellate court, in considering this issue, held that although the superintendent filed the initial charges against appellee, it was the board's decision to dismiss appellee that was being reviewed, not the superintendent's decision to file charges. The appellate court concluded that since the superintendent's interests were the same as those of the board, the superintendent was not a necessary party and did not have to be named as a defendant. 176 Ill. App. 3d at 794; see also *Schoenbeck v. Board of Fire & Police Commissioners* (1979), 69 Ill. App. 3d 366 (which states that the chief of police who filed charges against a police officer did not have to be named as a defendant in an action for administrative re-

view because his interests were the same as those of the board of fire and police commissioners).

We find that this conclusion ignores the clear and unambiguous language of the act, which requires that "all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency *shall be made defendants.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 3—107.) This requirement is mandatory and specific, and admits of no modification. (*Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595.) Accordingly, since the superintendent was a party of record to the proceedings before the board, we find that he must be named as a defendant under the act.

Having determined that the superintendent was a necessary party, we now consider whether appellee should have been allowed to amend his complaint to join the superintendent as a defendant.

The board contends that the circuit court properly denied appellee leave to amend his complaint. It argues that the Administrative Review Law requires that all parties to the administrative proceeding be made defendants and that summons issue within 35 days from the date that a copy of the administrative decision was served upon the party seeking review. Since appellee failed to name the superintendent as a defendant and issue summons on him within the 35-day time period, his action for administrative review was barred. We agree.

As noted previously, section 3—103 of the act provides that an action to review an administrative decision shall be commenced "by the filing of a complaint *and* the issuance of summons *within 35 days*" of receipt of the decision being appealed. (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 3—103.) The requirement that a complaint be filed within the 35-day limit is jurisdictional; if a complaint is not timely filed, no jurisdiction is

conferred on the circuit court and judicial review of the administrative decision is barred. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 211.) The 35-day period for the issuance of summons, on the other hand, is mandatory, not jurisdictional, and failure to comply with that requirement will not deprive the court of jurisdiction. (*City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 382; *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 403-04.) However, as the 35-day period is intended to "hasten the procedure" of administrative review and avoid undue delay, a litigant must show a good-faith effort to file the complaint and secure issuance of summons within the 35 days in order to avoid dismissal. (*City National Bank & Trust Co.*, 97 Ill. 2d at 382; *Cox*, 96 Ill. 2d at 404.) In cases where the 35-day requirement has been relaxed, the plaintiffs had made a good-faith effort to issue summons within the statutory period. Nevertheless, due to some circumstance beyond their control, summons was not issued within the statutory period. See *City National Bank & Trust Co.*, 97 Ill. 2d at 382; *Cox*, 96 Ill. 2d at 404 (cases in which the plaintiffs had filed their complaints for administrative review and summons with the clerk of the circuit court within the 35-day period but, due to problems at the clerk's office which were beyond the plaintiff's control, the summonses were not issued until after the 35-day period).

In the present case, there is no dispute that the superintendent was not named as a defendant and that summons was not issued on him within the 35-day period. Appellee has not offered, and our review of the record fails to disclose, any evidence of a good-faith effort to comply with the requirements of the act. (See Ill. Rev. Stat. 1985, ch. 110, pars. 3—103, 3—105, 3—107.) Ac-

cordingly, we find that the complaint for administrative review was properly dismissed by the circuit court.

We are aware that the appellate court has held a failure to name and issue summons against necessary parties within the 35-day time limit can be cured by subsequent amendment. (See, *e.g.*, *Bradshaw v. Barnes* (1986), 145 Ill. App. 3d 866; *Dendor v. Board of Fire & Police Commissioners* (1973), 11 Ill. App. 3d 582.) To the extent those cases conflict with our holding today, they are overruled.

For the foregoing reasons, the judgment of the appellate court is reversed and the judgment of the circuit court of Cook County is affirmed.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*