RONALD POTURALSKI, Appellant, v. THE POLICE BOARD OF THE CITY OF CHICAGO, Appellee.

First District (5th Division)   No. 1—90—3150

Opinion filed May 1, 1992.

Law Offices of Joseph V. Roddy, of Chicago, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Appellant, Ronald Poturalski, appeals from an order dismissing his complaint for administrative review and affirming the decision of appellee, the Police Board of the City of Chicago (board), to discharge him as a police officer. We consider whether the trial judge properly dismissed Poturalski's complaint when he failed to name the superintendent of police as a party and issue summons on him within 35 days of receiving the agency's decision. For the following reasons, we affirm.

Poturalski was employed as a police officer with the City of Chicago. In March of 1989, the superintendent of the police department filed charges against Poturalski alleging, among other things, that he did not live in the city as required under the department's rules. The board held a hearing on the charges, and based on the evidence presented, it found that Poturalski did not live in the city.

In a written decision, the board discharged him from his duties as a police officer on August 2, 1989.

Poturalski filed a complaint for administrative review on September 1, 1989, and named only the board as a defendant. Because Poturalski failed to name the superintendent as a defendant, the board moved to dismiss the complaint arguing he was a necessary party. The motion to dismiss was denied and the board answered the complaint.

The board renewed its motion to dismiss a few months later after the supreme court decided in *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, that a superintendent who filed charges was a necessary party to an action for administrative review of the police board's decision.

Before a hearing was held on the board's renewed motion, Poturalski moved for leave to amend his complaint to add the superintendent as a party. The trial judge granted the motion, and on June 15, 1990, Poturalski filed an amended complaint naming the superintendent and issued a summons for him. However, the judge later granted the board's motion to vacate that ruling because Poturalski failed to give the board notice of the motion to amend.

After a hearing on the board's motion to dismiss, the judge dismissed the complaint and also affirmed the board's ruling discharging Poturalski. Poturalski now appeals.

OPINION

■ The procedures of the Administrative Review Law (the Act) (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*) must be strictly adhered to on judicial review of an administrative agency's decision. (*Lockett*, 133 Ill. 2d 349, 549 N.E.2d 1266.) Unless review of the agency's decision is sought within the time and manner provided under the Act, judicial review of the agency's decision shall be barred. (Ill. Rev. Stat. 1989, ch. 110, par. 3—102.) A complaint for administrative review must be filed and summons must be issued within 35 days of receipt of the administrative agency's decision. (Ill. Rev. Stat. 1989, ch. 110, par. 3—103.) The administrative agency and all persons, other than plaintiff, who were parties of record to the proceedings before the agency must be made defendants in an action for administrative review. Ill. Rev. Stat. 1989, ch. 110, par. 3—107.

In *Lockett*, the supreme court found that a superintendent of police, who had filed charges which resulted in the dismissal of an officer, was a party of record to the police board's proceedings and

a necessary party to the officer's action for administrative review. The court noted that the 35-day period to issue summons is mandatory rather than jurisdictional and it may be relaxed if a party made a good-faith effort to issue summons within the required period but due to circumstances beyond his or her control, summons was not issued within that period. However, the failure to name parties of record and issue summons on them within the 35-day period cannot be cured by subsequent amendment to the complaint. The officer in *Lockett* did not name the superintendent and issue summons on him within the 35-day period and there was no evidence that the officer made a good-faith effort to do so. As a result, the court found that the officer's failure to comply with the Act required dismissal of the complaint.

Although Poturalski initially argued that *Lockett* should only be applied prospectively rather than retroactively, at oral argument he waived that issue. At least two appellate court decisions have held that *Lockett* should be applied retroactively. *Marozas v. Board of Fire & Police Commissioners* (1991), 222 Ill. App. 3d 781, 584 N.E.2d 402; *Strang v. Department of Transportation* (1990), 206 Ill. App. 3d 368, 564 N.E.2d 261.

■ The facts of *Lockett* are essentially identical to the present case and its holding is directly applicable here. In this case, the superintendent filed the charges which resulted in Poturalski's dismissal. As in *Lockett*, the superintendent here was a party of record and a necessary party to the complaint. Poturalski, however, failed to name the superintendent in his complaint for administrative review and failed to issue summons on him within the 35-day period. *Lockett* dictates that when a party of record was not named as a defendant and summons was not issued on that party within the 35-day period, the complaint must be dismissed. Although *Lockett* also recognized that a good-faith effort to issue summons within the time period may warrant relaxing the rule, it is undisputed in this case that Poturalski made no effort to comply with the Act during that time period. Further, because *Lockett* overturned appellate court decisions which held to the contrary, Poturalski's failure to name the superintendent and issue summons within the time period could not be cured by amending his complaint. (See also *Gilty v. Village of Oak Park Board of Fire & Police Commissioners* (1991), 218 Ill. App. 3d 1078, 578 N.E.2d 1294.) As a result, dismissal of Poturalski's complaint was required.

■ At oral argument in this court, Poturalski for the first time raised an argument that the board denied him procedural due pro-

cess when it failed to notify him that he had a right to appeal within 35 days of receiving its decision, relying on *Johnson v. State Employees Retirement System* (1987), 155 Ill. App. 3d 616, 508 N.E.2d 351. Because Poturalski failed to preserve this argument, it is waived. (134 Ill. 2d R. 341(e)(7).) We note that, unlike the situation in *Johnson*, Poturalski filed a timely complaint despite the alleged failure of the board to notify him of his right to appeal.

Affirmed.

MURRAY and GORDON, JJ., concur.