JAMES ORLOWSKI, Plaintiff-Appellee, v. THE VILLAGE OF VILLA PARK BOARD OF FIRE AND POLICE COMMISSIONERS *et al.*, Defendants-Appellants.

Second District    Nos. 2—94—1039, 2—94—1082 cons.

Opinion filed June 14, 1995.

John N. Pieper, of Kubiesa & Power, Ltd., of Oakbrook Terrace, for appellant Village of Villa Park Board of Fire and Police Commissioners.

Thomas F. McGuire and Brian A. Schroeder, both of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellant Ronald R. Ohlson.

Noel T. Wroblewski, of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

In consolidated case Nos. 2—94—1039 and 2—94—1082, defendants, the Village of Villa Park Board of Fire and Police Commissioners (Board) and the chief of the Villa Park police department, Ronald R. Ohlson (Chief), appeal an order reversing the Board's affirmance of plaintiff James Orlowski's one-day suspension from the Villa Park police department.

The following brief summary of the facts is taken from the record. Plaintiff is a Villa Park police officer. On February 26, 1993, the Chief issued a written reprimand to plaintiff for plaintiff's alleged failure to properly handcuff a prisoner. At the request of plaintiff, the written reprimand was rescinded and a one-day suspension was issued. By receiving a one-day suspension, as opposed to a reprimand, plaintiff apparently received the right to appeal his suspension to the Board. After an evidentiary hearing, the Board affirmed plaintiff's suspension. Plaintiff then filed the present complaint for administrative review in the circuit court of Du Page County. That court reversed the decision of the Board, holding that the Board improperly shifted the burden of proceeding to plaintiff. Both the Board and the Chief then filed their timely appeals to this court.

On appeal, the Board and Chief collectively have eight principal contentions: (1) plaintiff's failure to name the individual members of the Board in his complaint necessitates dismissal of the complaint; (2) plaintiff was properly required to carry the burden of proof on his appeal to the Board; (3) the one-day suspension was not the functional

equivalent of the filing of charges of misconduct against plaintiff; (4) the police department's rule prohibiting conduct unbecoming an officer is constitutionally valid; (5) the Board's affirmance of plaintiff's suspension was not against the manifest weight of the evidence; (6) the Board properly heard evidence of plaintiff's prior uncharged misconduct; (7) plaintiff's conduct demands that his suspension be increased; and (8) the trial court erred in denying the Board's motion to assess costs against plaintiff for preparing and certifying the record of proceedings. Because we agree with the Chief that the complaint for administrative review must be dismissed because of plaintiff's failure to name the individual members of the Board in the complaint, we need not address the other contentions.

The Chief first contends that this court should dismiss plaintiff's appeal of the Board's decision. In support of this contention, the Chief argues that (1) plaintiff did not name the proper parties to the appeal; and (2) the failure to do so mandates dismissal of the appeal. We will address each argument in turn.

The Chief initially argues that plaintiff did not name the proper parties in his complaint for administrative review. In the complaint, plaintiff named the Board and the Chief as defendants. According to the Chief, plaintiff should have also named the individual members of the Board because they were parties of record to the proceedings before the Board. We agree.

■■ Judicial review of administrative decisions is governed by the Administrative Review Law (Review Law) (735 ILCS 5/3—101 *et seq.* (West 1992)). Section 3—103 of the Review Law requires that an action for administrative review "shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (735 ILCS 5/3—103 (West 1992).) Moreover, the summons must be issued on the administrative agency and on all defendants. (735 ILCS 5/3—105 (West 1992).) Relevant to this appeal is section 3—107(a), which defines who shall be made a defendant to an action for review of an administrative decision. At the time the complaint was filed and ruled upon, section 3—107(a) read as follows:

"Except as provided in subsection (b), in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3—107(a) (West 1992).

In *Trettenero v. Police Pension Fund* (1994), 268 Ill. App. 3d 58, this court addressed whether individual members of an administra-

tive board were "parties of record" for purposes of naming defendants in a complaint for administrative review. In *Trettenero*, the plaintiff filed an application to the board of trustees of the police pension fund of Aurora seeking a line-of-duty pension or, alternatively, a nonduty pension. After conducting a hearing, the board granted the plaintiff a nonduty pension, whereupon the plaintiff filed a complaint for administrative review pursuant to the Review Law. The complaint named both the board and the individual trustees of the board as defendants. The trial court dismissed the individual trustees as defendants. *Trettenero*, 268 Ill. App. 3d at 60-61.

This court reversed, concluding that the individual trustees of the board were parties of record in the administrative proceedings and hence were required to be named in the complaint pursuant to section 3—107(a) of the Review Law. (*Trettenero*, 268 Ill. App. 3d at 62.) In support of its conclusion, this court noted that the report of proceedings from the board's hearing listed each trustee as a party of record and that each trustee signed the written decision adjudicating the plaintiff's claim. *Trettenero*, 268 Ill. App. 3d at 62.

▪ In this case, the individual members of the Board were "parties of record" in the administrative proceedings below and hence were required to be named as party defendants in plaintiff's complaint for administrative review. Here, as in *Trettenero*, the report of proceedings from the Board's hearing on plaintiff's appeal from the order of suspension lists each board member as a party of record, and each board member signed the written decision adjudicating plaintiff's case. Applying the plain meaning of section 3—107(a), we find that the individual board members were parties of record to the administrative proceedings. (See *Trettenero*, 268 Ill. App. 3d at 62.) Accordingly, plaintiff should have named the individual board members as party defendants in his complaint for administrative review.

Having determined that plaintiff did not name all the proper parties to the complaint, we now determine the consequences of this failure. The Chief argues that plaintiff's failure to name all the necessary parties in this administrative review action divests this court of subject-matter jurisdiction. The Chief urges this court to dismiss plaintiff's appeal from the Board and void the order of the trial court.

▪ The Review Law has two principal objectives: (1) to eliminate conflicting and inadequate common-law and statutory remedies for the judicial review of decisions of administrative agencies and to substitute therefor a single, uniform, and comprehensive remedy; and (2) to make available to persons aggrieved by administrative decisions a judicial review consonant with due process standards

without unduly restricting the exercise of administrative judgment and discretion essential to the effective working of the administrative process. (*Mueller v. Board of Fire & Police Commissioners* (1994), 267 Ill. App. 3d 726, 733.) Because the Review Law is statutory and not based on the common law, the procedures established by the Review Law must be strictly adhered to in order to justify its application. *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 353; *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595.

■ Consistent with these principles, our supreme court has held that the requirements of section 3—107(a), as well as the interrelated requirement for the issuance of summons within 35 days under section 3—103, are mandatory and specific, and admit of no modification. (*Lockett*, 133 Ill. 2d at 354; *Winston*, 407 Ill. at 595.) Moreover, a named party's failure to object that a party of record to the administrative proceedings was not made a party defendant neither operates as a waiver of the requirements of section 3—107(a) nor relieves the party seeking the review of the mandatory duty imposed on him to include as parties to the appeal all parties of record. (*Cuny v. Annunzio* (1952), 411 Ill. 613, 617-18; see also *Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961, 972 (failure to object in the trial court that plaintiff failed to name all necessary parties does not waive the requirements of section 3—107(a)).) The failure to comply with these mandatory, nonwaivable requirements mandates the dismissal of the complaint unless there has been a good-faith effort to comply with the statute. *Lockett*, 133 Ill. 2d at 355; *Board of Education of Bethany Community School District No. 301 v. Regional Board of School Trustees of Clark, Coles, Cumberland, Edgar, Moultrie & Shelby Counties* (1994), 255 Ill. App. 3d 763, 764-65; *Gilty v. Village of Oak Park Board of Fire & Police Commissioners* (1991), 218 Ill. App. 3d 1078, 1085-86.

■ To further complicate matters, however, the Chief has raised this issue for the first time in his reply brief. Neither the Chief nor the Board raised the issue before the trial court or in their initial briefs before this court. The general rule is that points not argued in the appellant's brief are waived and shall not be raised in the reply brief. (134 Ill. 2d R. 341(e)(7); see also *People v. Ryan* (1994), 264 Ill. App. 3d 1, 6; *In re Marriage of Kerman* (1993), 253 Ill. App. 3d 492, 501.) This rule of practice is applicable to appeals in this court under the Review Law. (*Kaminski v. Illinois Liquor Control Comm'n* (1974), 20 Ill. App. 3d 416, 421.) Nevertheless, the rule of waiver is a limitation on the parties and not on the courts. (*Geise v. Phoenix Co. of Chicago, Inc.* (1994), 159 Ill. 2d 507, 514; *Hux v. Raben* (1967), 38 Ill. 2d 223, 224.) Consequently, it is in the discretion of the reviewing

court to consider points made for the first time in reply briefs. (*Joyce v. Explosives Technologies International, Inc.* (1993), 253 Ill. App. 3d 613, 616; *Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56, 66-67.) A reviewing court should exercise this discretionary authority when the interests of justice and the need to maintain a sound and uniform body of precedent are at stake. (*Geise*, 159 Ill. 2d at 514; *Joyce*, 253 Ill. App. 3d at 616; *Village of Maywood v. Health, Inc.* (1982), 104 Ill. App. 3d 948, 952.) However, a reviewing court should not consider different theories or new questions, if proof might have been offered to refute or overcome them had they been presented at the trial. *Hux*, 38 Ill. 2d at 225.

■ With these principles in mind, we conclude that plaintiff's failure to name the individual board members as party defendants to his complaint for administrative review mandates the dismissal of plaintiff's complaint. Obviously, this court does not condone a party's attempt to raise issues for the first time in a reply brief. Nevertheless, we are persuaded that this is an appropriate case to exercise our discretionary authority and consider the issue despite the fact that it has been raised for the first time in the Chief's reply brief. This is not a situation where plaintiff could have offered proof to the trial court to refute the argument that the complaint should be dismissed because plaintiff did not satisfy the requirements of section 3—107(a). Moreover, strict enforcement of the requirements of section 3—107(a) in the present case accords with the supreme court's admonitions that the requirements of section 3—107(a) are mandatory, nonwaivable, and admit of no modification. Since the failure to name the necessary parties generally warrants dismissal of the complaint (see, e.g., *Lockett*, 133 Ill. 2d at 355; *Board of Education of Bethany Community School District No. 301*, 255 Ill. App. 3d at 764-65; *Gilty*, 218 Ill. App. 3d at 1085-86), our decision also helps to maintain a uniform body of precedent. Accordingly, because there is no indication in the record that plaintiff made any attempt, much less a good-faith attempt, to join and serve the individual board members, we conclude that we must dismiss plaintiff's complaint for administrative review.

We note, parenthetically, that our decision is not dependent upon the Chief's argument that both the trial court and this court lack jurisdiction to review the Board's decision. We recognize that the Illinois Appellate Court is divided as to whether the requirement of joinder of all parties under section 3—107(a) of the Review Law divests the circuit and appellate courts of jurisdiction to review an administrative decision. (See *McGaughy v. Illinois Human Rights Comm'n* (1995), 165 Ill. 2d 1, 6-7 (collecting cases).) Regardless of whether the failure to name the necessary parties to a complaint for

administrative review constitutes a jurisdictional defect, our analysis of the Review Law, as well as the relevant case law, reveals that this failure mandates dismissal of the complaint, even if the issue is raised for the first time in a reply brief.

For the aforementioned reasons, the judgment of the circuit court of Du Page County is reversed.

Reversed.

COLWELL and HUTCHINSON, JJ., concur.