668 N.E.2d 656 (1996)
282 Ill. App.3d 735
218 Ill.Dec. 172
INTERNATIONAL PRECISION COMPONENTS CORPORATION, Plaintiff-Appellant and Cross-Appellee,
v.
LAKE COUNTY ZONING BOARD OF APPEALS et al., Defendants-Appellees and Cross-Appellants.
No. 2-95-1357.
Appellate Court of Illinois, Second District.
August 19, 1996.
*657 Diambri & Vicari, P.C., Gurnee, IL, Anne Marie Vicari, Diambri & Vicari, P.C., Gurnee, IL, Vincent A. Lavieri, Gurnee, IL, for International Precision Components Corporation.
Michael J. Waller, Lake County State's Attorney, Waukegan, IL, James R. Carr, Assistant State's Attorney, Civil Division, Waukegan, IL, for Clayton Christiansen, Gloria Helke, Paul F. Hoffman, Lake County Zoning Board of Appeals, Matthew Miholic, James Morgan, Suzanne Simpson, Sheel Yajnik and Norman Yost.
Murray R. Conzelman, Lake Forest, IL, for City of Lake Forest.
Presiding Justice McLAREN delivered the opinion of the court:
The plaintiff, International Precision Components Corporation, filed this action seeking administrative review following the denial of the plaintiff's application for variation with the defendant, the Lake County Zoning Board of Appeals (the Board). The trial court upheld the decision of the Board. We affirm.
On April 6, 1994, the plaintiff filed an application for variation with the Board. In its application, the plaintiff sought two zoning variations for property it owned in an unincorporated area of Lake County, Illinois. Specifically, the plaintiff sought to use the property in question for light manufacturing and warehousing of materials and finished goods in connection with the plaintiff's plastic injection molding business. The plaintiff also sought the utilization of an adjacent railroad spur for shipping and receiving.
After recommendation from the Lake County Department of Planning, Zoning and Environmental Quality and a public hearing on the matter, the Board voted on the plaintiff's application for variation. Four members of the Board voted in favor of the application, two members voted against the plaintiff's application, and one member abstained. Because the plaintiff's application for variation did not receive five "affirmative" votes, the plaintiff's application was denied. All seven of the members of the Board signed the decision. The written decision of the Board was issued on July 25, 1994, and transmitted to the plaintiff's counsel on August 5, 1994.
On August 29, 1994, the plaintiff filed a complaint for declaratory judgment, injunctive relief, and administrative review with the trial court. The plaintiff named as party *658 defendants the Board and many others, but did not name the individual members of the Board as party defendants.
Subsequently, the Board filed its answer to count IV of the plaintiff's complaint, relating to administrative review, as well as a motion to dismiss counts I, II, and III. In response, the plaintiff filed its amended complaint, which sought only administrative review.
The Board then filed a motion for judgment on the pleadings pursuant to section 2-615(e) of the Code of Civil Procedure (735 ILCS 5/2-615(e) (West 1994)). In its motion, the Board sought judgment because the plaintiff failed to name the individual members of the Board as necessary parties.
On May 3, 1995, the trial court granted the Board's motion for judgment on the pleadings. 735 ILCS 5/2-615(e) (West 1994). However, the trial court granted the plaintiff leave to serve the individual Board members within 21 days.
On May 4, 1995, the plaintiff filed its second amended complaint for administrative review, which added, as party defendants, six members of the Board who voted on the plaintiff's application for a variation. On May 18, 1995, the plaintiff filed its third amended complaint, adding the member of the Board who abstained from the voting on the plaintiff's application as a party defendant.
On August 21, 1995, after holding hearings, the trial court found that the decision of the Board was not against the manifest weight of the evidence and entered judgment in favor of all of the defendants.
The plaintiff appeals this ruling, maintaining that the failure of a member of the Board to vote on the plaintiff's application constitutes concurrence in the action taken by the majority of those voting. See Prosser v. Village of Fox Lake, 91 Ill.2d 389, 395, 63 Ill.Dec. 396, 438 N.E.2d 134 (1982); Lake County Forest Preserve District v. Northern Trust Bank/Lake Forest, N.A., 207 Ill.App.3d 290, 294-95, 152 Ill.Dec. 182, 565 N.E.2d 715 (1990). The plaintiff also argues that the trial court erred in finding that the Board's decision was not against the manifest weight of the evidence.
The Board, as well as the other defendants, filed a cross-appeal, asserting that the trial court erred by granting the plaintiff leave to amend its amended complaint for administrative review to add the individual members of the Board as defendants. A reviewing court is not bound by the trial court's reasoning and may rely upon any ground present in the record to sustain the trial court's ruling. Bell v. Louisville & Nashville R.R. Co., 106 Ill.2d 135, 148, 88 Ill.Dec. 69, 478 N.E.2d 384 (1985); Estate of Blakely v. Federal Kemper Life Assurance Co., 267 Ill.App.3d 100, 109, 203 Ill.Dec. 811, 640 N.E.2d 961 (1994). We find the issue raised by the defendants' cross-appeal determinative and affirm on the merits of the cross-appeal.
The procedural requirements for judicial review of administrative action are governed by the Administrative Review Law. 735 ILCS 5/3-101 et seq. (West 1994). Because the Administrative Review Law is a departure from the common law, its procedures must be strictly adhered to in order to justify its application. Lockett v. Chicago Police Board, 133 Ill.2d 349, 353, 140 Ill.Dec. 394, 549 N.E.2d 1266 (1990). The Administrative Review Law provides, "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102 (West 1994). Also, the complaint for judicial review must be filed "within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3-103 (West 1994). Our supreme court has held this requirement is "mandatory and specific, and admits of no modification." Lockett, 133 Ill.2d at 354, 140 Ill.Dec. 394, 549 N.E.2d 1266.
The Administrative Review Law also contains the procedural requirements for naming parties as defendants in administrative review actions. Prior to January 1, 1994, this section required that "the administrative agency and all persons, other than the plaintiff, *659 who were parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3-107(a) (West 1992). Courts have construed "parties of record" to mean necessary parties. See Lockett, 133 Ill.2d at 354, 140 Ill.Dec. 394, 549 N.E.2d 1266. Further, courts have held that the failure to name these necessary parties as defendants within the 35-day limit constitutes a jurisdictional defect which renders an action for administrative review subject to dismissal with prejudice. Lockett, 133 Ill.2d at 353-54, 140 Ill. Dec. 394, 549 N.E.2d 1266; see also Trettenero v. Police Pension Fund, 268 Ill.App.3d 58, 62, 205 Ill.Dec. 731, 643 N.E.2d 1338 (1994).
In Lockett, our supreme court affirmed the dismissal, with prejudice, of a police officer's action against a police board where the officer failed to name the superintendent of the police board as a defendant within the 35-day deadline. Lockett, 133 Ill.2d at 355-56, 140 Ill.Dec. 394, 549 N.E.2d 1266. In doing so, our supreme court overruled two appellate decisions (Bradshaw v. Barnes, 145 Ill. App.3d 866, 99 Ill.Dec. 701, 496 N.E.2d 276 (1986); Dendor v. Board of Fire & Police Commissioners, 11 Ill.App.3d 582, 297 N.E.2d 316 (1973)) which held that a failure to name and issue summons against necessary parties within the 35-day time limit can be cured by subsequent amendment (Lockett, 133 Ill.2d at 356, 140 Ill.Dec. 394, 549 N.E.2d 1266).
In Trettenero, 268 Ill.App.3d 58, 205 Ill. Dec. 731, 643 N.E.2d 1338, this court followed Lockett and reversed an order dismissing the individual trustees of a pension fund board as defendants in administrative review proceedings. The report of proceedings from the board's hearing on the plaintiff's application listed each trustee as a party of record, and each trustee signed the written decision adjudicating the plaintiff's pension claim. Trettenero, 268 Ill.App.3d at 62, 205 Ill.Dec. 731, 643 N.E.2d 1338. Consequently, we held that the trustees were necessary parties and, thus, should not have been dismissed. Trettenero, 268 Ill.App.3d at 62, 205 Ill.Dec. 731, 643 N.E.2d 1338.
Subsequent to Trettenero, section 3-107 of the Administrative Review Law was amended, effective January 1, 1994. After this amendment, which was effective while the present case was pending before the trial court, section 3-107(a), in pertinent part, stated:
"[I]n any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were named by the administrative agency in its final order as parties of record to the proceedings before the administrative agency shall be made defendants.
If the court determines that a person or party not named by the administrative agency as a party in its final order was a party of record to the proceedings * * *, the court shall grant the plaintiff an additional 21 days to serve the unnamed party * * * in the manner set forth in Section 3-103 of this Act." (Emphasis added.) 735 ILCS 5/3-107(a) (West 1994).
This amendment created two classes of defendants: persons who were named by the administrative agency in its final order as parties of record to the proceedings and persons who were not named by the agency in its final order as parties of record. This latter class of persons did not exist prior to the amendment. Ill.Rev.Stat.1985, ch. 110, par. 3-107.
We determine that the trial court erred in granting the plaintiff an additional 21 days in the present case because the individual members of the Board were, indeed, named by the administrative agency in its final order as parties of record to the proceedings. The individual members' names appear in the text of the final decision and throughout the hearing transcripts. Moreover, just as in Trettenero, each individual member of the Board signed the final decision of the Board. Trettenero, 268 Ill. App.3d at 62, 205 Ill.Dec. 731, 643 N.E.2d 1338; see also Orlowski v. Village of Villa Park Board of Fire & Police Commissioners, 273 Ill.App.3d 42, 46, 209 Ill.Dec. 826, 652 N.E.2d 366 (1995). Thus, the trial court properly granted the defendants' motion to dismiss, but improperly granted the plaintiff leave to serve the individual board members within 21 days. In so doing, the trial court *660 improperly enlarged the 35-day jurisdictional limit. 735 ILCS 5/3-103 (West 1994); see Lockett, 133 Ill.2d at 356, 140 Ill.Dec. 394, 549 N.E.2d 1266.
With regard to the plaintiff's argument that the individual members of the Board are not adverse parties, we note that the cases which the plaintiff cites (Winston v. Zoning Board of Appeals, 407 Ill. 588, 95 N.E.2d 864 (1950); Speck v. Zoning Board of Appeals, 89 Ill.2d 482, 60 Ill.Dec. 643, 433 N.E.2d 685 (1982); Hadley v. Board of Trustees of the Firemen's Pension Fund, 113 Ill.App.3d 866, 69 Ill.Dec. 523, 447 N.E.2d 958 (1983)) involve the question of judicial standing to prosecute an appeal. These cases do not pertain to the issue of whether a plaintiff is required to name the individual members of the administrative agency as defendants in an action for administrative review.
Because we determine that the trial court improperly enlarged the 35-day jurisdictional limit (735 ILCS 5/3-103 (West 1994)), we affirm and need not discuss the other issues raised in this appeal.
The judgment of the circuit court of Lake County is affirmed.
Affirmed.
RATHJE and HUTCHINSON, JJ., concur.