MARTIN ZELISKO, Plaintiff-Appellee, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF OAK BROOK *et al.*, Defendants-Appellants.

Second District    No. 2—96—0285

Opinion filed December 19, 1996.

Richard A. Martens, of Oak Brook, and Patrick A. Lucansky, of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellants.

Aldo E. Botti and Andrew Y. Acker, both of Botti, Marinaccio & DeLongis, Ltd., of Oak Brook, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

In August 1994, James Fleming (Chief), the chief of the Oak Brook police department (Department), filed disciplinary charges with the Board of Fire and Police Commissioners of the Village of Oak Brook (Board) against plaintiff, Martin Zelisko, a police officer with the Department. On December 15, 1994, the Board, with one of its three members dissenting, determined that plaintiff was guilty of wrongdoing and issued a final order imposing a 30-day suspension of plaintiff without pay.

On January 18, 1995, plaintiff filed a complaint in the circuit

court of Du Page County for administrative review of the Board's decision pursuant to the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West.1994)). Plaintiff's complaint named as defendants: the Board, the Village of Oak Brook (Village), the Chief, and the two Board members who decided that plaintiff was guilty of wrongdoing. The complaint did not name the dissenting Board member as a defendant. A summons was issued and served on each of the named defendants.

On October 3, 1995, the trial court concluded that the Board's findings that plaintiff was guilty of wrongdoing were against the manifest weight of the evidence and clearly erroneous. The court entered an order reversing the Board's finding of guilty and the 30-day suspension of plaintiff.

On October 24, 1995, the named defendants motioned to vacate the trial court order of October 3, 1995, and to dismiss plaintiff's complaint. The named defendants based their motion on plaintiff's failure to name the dissenting Board member, John W. Craig, as a defendant.

On January 4, 1996, after a hearing on the matter, the trial court found that the Board did not name Craig as a party, but that Craig was a party of record to the proceedings. The court entered an order that denied defendants' motion to vacate and dismiss. During the hearing, the trial court stated the following:

"And I will grant the Plaintiff an additional 21 days to serve [Craig] in the manner set forth in Section 3—103 of this Act [(735 ILCS 5/3—103 (West 1994))].

I think any other construction or application of the statute would unduly penalize the Plaintiff by depriving him of what I have already found was a valid cause of action.

And I believe that there was good faith on the part of the Plaintiff and his counsel in naming all the persons who apparently took an adverse stand to that of the Plaintiff."

On January 11, 1996, plaintiff filed his first amended complaint and a summons was issued on Craig. The first amended complaint added Craig as a named defendant.

On February 8, 1996, the trial court conducted a hearing to determine if it was impermissible to join Craig at this juncture in the proceedings as argued by Craig's attorney. After the hearing, the trial court entered an order reaffirming its order of October 3, 1995 (reversing the Board's decision).

Defendants' timely appeal followed. Defendants appeal from the trial court's orders of October 3, 1995, January 4, 1996, and February 8, 1996.

On appeal, defendants first contend that the trial court should have dismissed plaintiff's complaint because plaintiff failed to name Craig as a defendant within the time period mandated by the Administrative Review Law. The parties agree that the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1994)) governs the procedural requirements for judicial review of the Board's decision. Our supreme court has determined that these procedural requirements must be strictly adhered to because the Administrative Review Law is a departure from the common law. *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 353 (1990).

■ Section 3—102 of the Administrative Review Law cautions parties seeking administrative review that review may be barred if the procedures set out in the Administrative Review Law are not followed. Specifically, section 3—102 provides, in relevant part, that "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3—102 (West 1994).

Section 3—103 of the Administrative Review Law sets out the general rule for the commencement of an administrative review action. Section 3—103 requires that an action for administrative review "shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3—103 (West 1994).

■ Section 3—107(a) of the Administrative Review Law defines the persons who must be made defendants in an action for administrative review. Section 3—107(a), as in effect at the time plaintiff filed his complaint, provided, in pertinent part, as follows:

"[I]n any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were named by the administrative agency in its final order as parties of record to the proceedings before the administrative agency shall be made defendants.

If the court determines that a person or party not named by the administrative agency as a party in its final order was a party of record to the proceedings ***, the court shall grant the plaintiff an additional 21 days to serve the unnamed party *** in the manner set forth in Section 3—103 of this Act." 735 ILCS 5/3—107(a) (West 1994).

In *International Precision Components Corp. v. Lake County Zoning Board of Appeals*, 282 Ill. App. 3d 735 (1996), this court construed

the language in section 3—107(a) quoted above. We determined that this language created two classes of persons who were parties of record to the proceedings and therefore were mandatory defendants. 282 Ill. App. 3d at 740. These classes are: persons who *were* named by the administrative agency in its final order as parties of record to the proceedings, and persons who *were not* so named. 282 Ill. App. 3d at 740. We held that the 35-day jurisdictional limit set out in section 3—103 of the Administrative Review Law applied to persons named by the administrative agency as parties of record to the proceedings and that the additional 21 days applied only to persons who were parties of record to the proceedings but were not so named by the administrative agency in its final order. 282 Ill. App. 3d at 740.

In this case, after the trial court ruled in plaintiff's favor to reverse the Board's decision, defendants motioned to dismiss plaintiff's complaint on the ground that plaintiff failed to name Craig as a defendant. The trial court subsequently determined that the Board had not named Craig as a party of record to the proceedings, but that Craig was a party of record to the proceedings. This determination placed Craig in the second class of mandatory defendants under section 3—107(a), and the trial court allowed plaintiff 21 additional days to name and serve Craig.

■ However, the trial court erred when it determined that the Board did not name Craig as a party of record to the proceedings. In *International Precision*, we determined that the administrative agency in that case named the individual members of the administrative agency as parties of record to the proceedings where: the individual members' names appeared in the text of the final order; the individual members' names appeared throughout the hearing transcripts; and each individual member signed the administrative agency's final decision. *International Precision*, 282 Ill. App. 3d at 740. Similarly, in this case, Craig's name appears in the text of the Board's final order, Craig's name appears throughout the hearing transcripts, and Craig signed his dissent, which was attached to the Board's final order. Thus, contrary to the trial court's determination, the Board did name Craig in its final order as a party of record to the proceedings.

Because the Board named Craig in its final order as a party of record to the proceedings, Craig was a class 1 defendant under section 3—107(a) of the Administrative Review Law and not a class 2 defendant as the trial court determined. Section 3—107(a) does not provide for any additional time beyond that set out in section 3—103 for a plaintiff to name as defendants and serve summons on class 1 defendants. See *International Precision*, 282 Ill. App. 3d at 740. Thus, plaintiff was required to name Craig as a defendant and issue sum-

mons on him within 35 days after the Board's decision was served on plaintiff. 735 ILCS 5/3—103 (West 1994). It is undisputed that plaintiff did not do this, and plaintiff was therefore barred from obtaining judicial review of the Board's decision. 735 ILCS 5/3—102 (West 1994).

■ Plaintiff argues that the section 3—107(a) requirements apply only to adverse parties and that because Craig was not adverse to plaintiff it was not necessary to name him as a defendant under section 3—107(a). However, the plain language of section 3—107(a) does not support plaintiff's contention. Section 3—107(a) requires that "all persons, other than the plaintiff, who were named by the administrative agency in its final order as parties of record to the proceedings before the administrative agency shall be made defendants." 735 ILCS 5/3—107(a) (West 1994). There is no provision for an exception to the requirements of section 3—107(a) on the basis of nonadversity in this language as contended by plaintiff. Moreover, it is clear from cases that have considered this question that section 3—107(a) requires that a plaintiff in an administrative action generally must name as defendants all the individual members of the administrative agency who are parties of record to the proceedings. *Orlowski v. Village of Villa Park Board of Fire & Police Commissioners*, 273 Ill. App. 3d 42, 46 (1995). This is true even if some of the individual members of the administrative agency supported the plaintiff's position. *International Precision*, 282 Ill. App. 3d at 740. Thus, plaintiff's nonadversity argument fails.

Plaintiff next contends that the trial court correctly determined that plaintiff had made a good-faith effort to comply with the Administrative Review Law. Plaintiff argues that because of this good-faith effort he should not be barred from obtaining judicial review of the Board's decision even if he did not strictly comply with the section 3—107(a) requirements regarding naming defendants within the time limits prescribed by section 3—103.

In *Lockett*, our supreme court considered whether to apply a good-faith-effort exception to the 35-day time limit prescribed by section 3—103 for filing a complaint and issuing and serving summonses on parties to the proceedings. *Lockett*, 133 Ill. 2d at 354-55. The court determined that a good-faith-effort exception applied only in cases where the plaintiff had made a good-faith effort to issue summons within the 35-day period, but, due to some circumstance beyond the plaintiff's control, summons was not issued within that period. 133 Ill. 2d at 355. The court decided that, because it was undisputed that the plaintiff in that case had not named the party of record to the proceedings as a defendant or issued summons on him within the 35-

day period, the good-faith-effort exception did not apply and the complaint was properly dismissed. 133 Ill. 2d at 355-56.

In this case, it is undisputed that plaintiff did not name Craig as a defendant or issue summons on him within the 35-day period following the serving of the Board's decision on plaintiff. Plaintiff does not contend that he made a good-faith effort to name and serve defendant within the 35-day period. Rather, plaintiff argues that he believed, in good faith, that he was not required to name and serve Craig because Craig was not adverse to plaintiff and because Craig had not signed the part of the Board's decision that found plaintiff guilty of wrongdoing.

In *Lockett*, the plaintiff did not name the superintendent of the police department as a defendant because the plaintiff erroneously believed that naming the police board constituted notice to the superintendent. 133 Ill. 2d at 352. The *Lockett* court concluded that the good-faith-effort exception did not apply. 133 Ill. 2d at 355-56.

Similarly, in this case, plaintiff's belief that section 3—107(a) did not require him to name and serve Craig does not constitute a good-faith effort to name and serve a mandatory defendant. Accordingly, as in *Lockett*, the good-faith-effort exception does not apply in this case.

Finally, plaintiff contends that dismissal of his complaint would deny him due process of law because it would be fundamentally unfair to him. We recognize that granting defendants' motion to dismiss the complaint on the grounds of plaintiff's failure to name a defendant after the trial court ruled on the merits of plaintiff's complaint is a harsh result. However, the section 3—107(a) requirements regarding persons who must be named as defendants are mandatory and specific and admit of no modification. *Lockett*, 133 Ill. 2d at 354. In *Orlowski*, this court determined that the dismissal of a complaint on the ground of the failure to name a mandatory defendant was warranted even though the issue was first raised on appeal in a reply brief. *Orlowski*, 273 Ill. App. 3d at 48.

In this case, plaintiff failed to name as a defendant and to serve one of the Board members who was named as a party of record to the proceedings in the Board's final order within the time period mandated by the Administrative Review Law. Consequently, we must dismiss plaintiff's complaint for administrative review.

Because of this disposition, it is unnecessary for us to address defendants' other contentions of error.

330

Based on the foregoing, the judgment of the circuit court of Du Page County is reversed.

Reversed.

INGLIS and HUTCHINSON, JJ., concur.