No. 2--97--0328

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

ROGER BUNNELL, ) Appeal from the Circuit Court

  ) of Lake County. 

Plaintiff-Appellant,
 )

) No. 96--MR--622

v. )

)

CIVIL SERVICE COMMISSION OF )

WAUKEGAN; CITY OF WAUKEGAN )

POLICE DEPARTMENT; and DONALD )

SCOTT BURLESON, Chief of )

Police, City of Waukegan Police ) 

Department, ) Honorable

) Terrence J. Brady,

Defendants-Appellees. ) Judge, Presiding.

_________________________________________________________________   

JUSTICE INGLIS de
livered the opinion of the court:

Plaintiff, Roger Bunnell, appeals following the circuit court’s denial of his motion to reconsider the court’s order dismissing his complaint for administrative review with prejudice.  The complaint was filed on December 16, 1996.  On January 28, 1997, the trial court dismissed the complaint for lack of jurisdiction on the basis that plaintiff had failed to name as necessary party-defendants the individual members of the defendant Civil Service Commission of Waukegan (Commission).  In his complaint, plaintiff had named as defendants the Commission, the Waukegan police department, and Donald Scott Burleson, the chief of police of the City of Waukegan police department.  As a result of the decision of the Commission, plaintiff was discharged from his position as a patrolman.  We reverse the judgment of the circuit court and remand the cause for further proceedings.

 On appeal, plaintiff argues that he should have been allowed to amend his complaint to name the individual members of the Commission pursuant to the second paragraph of section 3--107(a) of the Administrative Review Law (Review Law) (735 ILCS 5/3--107(a) (West 1996)).  Under that provision, the trial court must grant a plaintiff 21 days to amend his complaint when it determines that a “party of record” to the administrative proceedings was not made a defendant as required by the first paragraph of section 3--107(a) and where that party was not named by the administrative agency in its final order as a party of record. 

Plaintiff maintains that he should be allowed to amend the complaint where the final order of the Commission contained only two “scrawled” signatures of individual Commission members but the order did not clearly name the members “parties of record.”  In asserting that he should have been allowed to amend his complaint, plaintiff attempts to distinguish several decisions of this court interpreting 
Lockett v. Chicago Police Board
, 133 Ill. 2d 349 (1990) (complaint for administrative review properly dismissed without leave to amend where no good-faith effort was made within 35-day period to name and serve superintendent of police department as necessary party).  See, 
e.g.
, 
International Precision Components Corp. v. Lake County Zoning Board of Appeals
, 282 Ill. App. 3d 735 (1996) (trial court erred in granting plaintiff 21 days to name and serve individual members of board where they were named as parties of record in board’s final order); 
Orlowski v. Village of Villa Park Board of Fire & Police Commissioners
, 273 Ill. App. 3d 42 (1995) (failure to name individual members of board mandated dismissal of complaint); 
Trettenero v. Police Pension Fund
, 268 Ill. App. 3d 58 (1994) (trial court erred in dismissing individual trustees of board where report of proceedings listed each trustee as party of record and each trustee signed written decision contrary to requirement of section 3--107(a) of Review Law).  

Relying on 
Lockett
, 133 Ill. 2d 349, plaintiff also argues that, because he made a good-faith effort to comply with the joinder provisions, he should have been allowed to amend his complaint to name the individual members of the Commission.  We reverse the trial court’s judgment for the reasons that follow. 

It is unnecessary for this court to consider whether the precedents cited by plaintiff must be distinguished in the present case, as those precedents interpreted the statutory scheme as it existed prior to the current amendments.  We hold that the failure to name the individual members of the Commission does not require the dismissal of the complaint for administrative review because the newly amended version of section 3--107(a), effective June 1, 1997, no longer requires the joinder of individual Commission members to invoke jurisdiction under the Review Law where the administrative agency has been named as a defendant.  735 ILCS 5/3--107(a) (West 1996); 
Rhoads v. Board of Trustees of the City of Calumet City Policemen’s Pension Fund
, No. 1--96--1920, slip op. at 2 (December 26, 1997).

The amendment, which is underscored below, now causes section 3--107(a) to read as follows:

“(a) Except as provided in subsection (b), in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants.  
No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an employee, agent, or member, who acted in his or her official capacity, of an administrative agency, board, committee, or government entity, where the administrative agency, board, committee, or government entity, has been named as a defendant as provided in this Section.  Naming the director or agency head, in his or her official capacity, shall be deemed to include as defendant the administrative agency, board, committee, or government entity that the named defendants direct or head.  No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an administrative agency, board, committee, or government entity, where the director or agency head, in his or her official capacity, has been named as a defendant as provided in this Section.
 

If, during the course of a review action, the court determines that a party of record to the administrative proceedings was not made a defendant as required by the preceding paragraph, and only if that party was not named by the administrative agency in its final order as a party of record, then the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant. The court shall permit the newly served defendant to participate in the proceedings to the extent the interests of justice may require.”  735 ILCS 5/3--107(a) (West 1996).  

Similarly, the amended portion of section 5/3--105, effective June 1, 1997, concerning the service of summons, states: 

“No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to serve summons on an employee, agent, or member of an administrative agency, board, committee, or government entity, acting in his or her official capacity, where the administrative agency, board, committee, or government entity has been served as provided in this Section.”  735 ILCS 5/3--105 (West 1996).  

Previous judicial decisions construing the mandatory joinder provision were based on the principle that, since the Review Law “is a departure from common law, the procedures it establishes must be strictly adhered to.”  
Lockett
, 133 Ill. 2d  at 353.  Some appellate judicial decisions treated the failure to name the required parties within the 35-day time limit as a jurisdictional defect.  See 
McGaughy v. Illinois Human Rights Comm’n
, 165 Ill. 2d 1, 11 (1995) (citing cases; it is the filing of the complaint for review within the 35-day period in the circuit court that is jurisdictional, but the 35-day period for issuing summons is mandatory but not jurisdictional); see also 
International Precision
, 282 Ill. App. 3d at 739.  

The failure to name the parties properly may lead to harsh results, as this court observed in 
Zelisko v. Board of Fire & Police Commissioners
, 285 Ill. App. 3d 323, 329 (1996).  In 
Lockett
, for example, the plaintiff did not name the superintendent of the police department as a defendant in the review action because the plaintiff erroneously believed that naming the police board constituted notice to the superintendent. Our supreme court held that the complaint was nevertheless properly dismissed without leave to amend the complaint where no good-faith effort was made within the required 35-day period to name and serve a necessary party-defendant.  
Lockett
, 133 Ill. 2d at 355.  

We believe that the obvious intent of the legislative amendment is to reduce the possibility of error in naming and serving individuals who are acting in their official capacities as employees, agents, or members of the administrative agency or governmental entity and to avoid the harsh result of dismissing the complaint where the agency or entity has been named and served.  The implication of the amendment is that naming and serving the agency or entity constitutes the joinder of and service on its individual agents, employees, or members. 

There is no argument in this case that the administrative agency itself was not named and served as a defendant. The newly amended version of the statutory scheme applies to the case at bar, and the failure to name the individual board members is not fatal to the complaint.  The Appellate Court, First District, has come to the same conclusion, and we agree with that decision.  
Rhoads
, slip op. at 2-3, relying in part on 
Martin v. Department of Professional Regulation
, 284 Ill. App. 3d 591 (1996).  

Ordinarily, a reviewing court applies the law as it exists at the time of the appeal, unless doing so would interfere with a vested right.  
First of America Trust Co. v. Armstead
, 171 Ill. 2d 282, 289-90 (1996).  A vested rights analysis is preferred where it will avoid problems in determining the legislative intent or in distinguishing between substantive and procedural changes in the law.  
Harraz v. Snyder
, 283 Ill. App. 3d 254, 261 (1996).  “Although not capable of precise definition, a vested right is a complete and unconditional demand or exemption that may be equated with a property interest.”  
Armstead
, 171 Ill. 2d at 291. “Where no vested rights are involved, either because they are not yet perfected or because the amendment is procedural in nature, the amendment can be applied to the existing controversy without any retroactive impact.”  
Armstead
, 171 Ill. 2d at 290. 
 

There is no vested right to the mere continuance of a statute because the legislature has a right to amend a statute.  
Armstead
, 171 Ill. 2d at 291.  The amendment amounted to a procedural change in the Review Law and does not affect a vested right (
Rhoads
,
 slip op. at 3; 
Martin
, 284 Ill. App. 3d at 596). See 
Lockett
, 133 Ill. 2d at 352-53 (treating statutory provisions as “procedural requirements”).  The amendment did not create a new obligation or duty with respect to a past transaction.  
Armstead
, 171 Ill. 2d at 291.  Thus, the amended provision can be applied to the existing controversy without any truly retroactive impact, and it was error for the trial court to dismiss the complaint with prejudice. In view of our determination that the amended provisions apply, we need not decide whether plaintiff should have been allowed to amend his complaint because he made a good-faith effort to name the necessary parties.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

McLAREN and HUTCHINSON, JJ., concur.