DAVID F. FONTANA, Plaintiff-Appellant, v. THE HIGHWOOD POLICE PENSION BOARD *et al.*, Defendants-Appellees.

Second District   No. 2—97—0815

Opinion filed May 21, 1998.

Robert S. Hoover, of R.S. Hoover & Associates, of Lake Forest, for appellant.

Richard J. Puchalski, of Sklodowski, Franklin, Puchalski & Reimer, of Chicago, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, David Fontana, appeals the order of the circuit court of Lake County dismissing his complaint. Plaintiff contends that the court erred in dismissing his complaint on the ground that plaintiff requested a form of relief, a writ of *certiorari*, that is prohibited by the Administrative Review Law (735 ILCS 5/3—102 (West 1996)). We reverse and remand.

Plaintiff, a former Highwood police officer, applied for a line-of-duty disability pension. The Highwood police pension board (the board) denied his request. Plaintiff then filed in the circuit court a pleading entitled "PETITION FOR ADMINISTRATIVE REVIEW." Defendants are the board and its individual members. The complaint alleges that the purpose of the proceeding is to review the board's determination denying plaintiff disability retirement benefits. Plaintiff alleges the board made erroneous rulings and misinterpretations of law. The prayer for relief requests "that a writ of certiorari [*sic*] or other appropriate writ be issued by this Court, directed to respondents requiring them to certify fully, within 35 days, the record or proceedings in respect of the above mentioned matters and that the same may be reviewed by this Court to the end that the [b]oard's decision be reversed, and that petitioner be awarded a pension, or in the alternative that the decision of the [board] may be quashed and the matter remanded to the [b]oard for a new [h]earing; or any other relief this Court deems just and equitable."

Defendants moved to dismiss the complaint on the ground that section 3—102 of the Administrative Review Law (the Act) (735 ILCS 5/3—102 (West 1996)) provides that an action under the Act is the exclusive means of obtaining review of an administrative decision and specifically prohibits the use of common law writs. The trial

court agreed. The court further held that *Lockett v. Chicago Police Board*, 133 Ill. 2d 349 (1990), holds that a complaint for administrative review may not be amended after the 35-day jurisdictional period. Therefore, the court dismissed the complaint with prejudice. After the court denied his motion to reconsider, plaintiff filed a timely notice of appeal.

Plaintiff contends that the court erred in dismissing his complaint. He argues that the substance of his pleading sufficiently states a cause of action under the Act and that the single inappropriate reference to a writ of *certiorari* should not be fatal. Defendants respond that the plain language of the Act abolishes the use of common law writs to review administrative decisions and that *Lockett* mandates that the Act's requirements be strictly observed.

■ The court dismissed the complaint pursuant to section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 1996)). In considering a section 2—619 motion to dismiss, all well-pleaded facts are deemed admitted. *Becker v. Zellner*, 292 Ill. App. 3d 116, 122 (1997). The moving party "admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the claim." *Brock v. Anderson Road Ass'n*, 287 Ill. App. 3d 16, 21 (1997). The granting of a section 2—619 motion to dismiss is reviewed *de novo*. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993); *Brock*, 287 Ill. App. 3d at 21.

■ Defendants argue that section 3—102 of the Act mandates dismissal of plaintiff's complaint. Section 3—102 provides that Article III of the Code of Civil Procedure (the Code) (735 ILCS 5/1—101 *et seq.* (West 1996)), entitled "Administrative Review," applies to and governs every action to review judicially a final decision of an administrative agency. 735 ILCS 5/3—102 (West 1996). The statute further provides, in relevant part:

> "In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not hereafter be employed.
>
> Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3—102 (West 1996).

This section thus provides that no other form of relief shall be employed; it does not state that any reference to any other form of relief shall automatically be fatal to the complaint. Here, plaintiff's complaint specifically references the Act. The substantive allegations

provide a basis for reviewing the board's decision. The prayer for relief specifically requests that plaintiff be granted a pension and receive such additional relief as the court deems just. The only mention of *certiorari* is a request to require the board to certify the record of proceedings before the agency. We note that the Act requires a defendant agency to file the record with its answer. 735 ILCS 5/3—108(b) (West 1996). Thus, the reference to *certiorari* is entirely superfluous. The substance of the complaint clearly seeks administrative review of the board's decision.

■ The Administrative Review Law is part of the Code. The Code provides that it "shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." 735 ILCS 5/1—106 (West 1996). Contrary to defendants' apparent contention, the Code's general provisions do apply to administrative review actions. See 735 ILCS 5/1—108 (West 1996) (provisions of Civil Practice Law apply to proceedings under Article III). Thus, section 2—617 (735 ILCS 5/2—617 (West 1996)), which provides that seeking the wrong remedy is not fatal, applies to administrative review actions. Therefore, even if plaintiff's request for *certiorari* were viewed as a request for a writ to review the agency's decision, it would not be fatal to plaintiff's complaint. In light of the Code's policy of determining controversies on their merits rather than on the basis of technical pleading requirements, plaintiff's incidental reference to *certiorari* was not a sufficient basis to dismiss the complaint.

*Lockett*, on which defendants chiefly rely, is distinguishable. In that case, the court held that a provision of the Act requiring that all parties of record in the administrative proceeding be made parties to the review action was mandatory and jurisdictional (*Lockett*, 133 Ill. 2d at 354), and that a complaint could not be amended to name additional parties after the 35-day period had expired (*Lockett*, 133 Ill. 2d at 354-55).

By contrast, section 3—102 states only that no other remedy shall be "employed." By its terms, that section is a restriction on the trial court's power to grant a remedy, not a pleading requirement. Quite simply, nothing in the plain language of the statute provides that the failure to request the proper remedy is a defect that deprives the court of jurisdiction over a complaint. Moreover, we note that the legislature has amended the Act to provide that an action shall not be dismissed for lack of jurisdiction based on the failure to name an agency member or employer as long as the agency is named as a party, and to permit a plaintiff to amend his complaint to add such a party. Pub. Act 89—685, § 25, eff. June 1, 1997 (amending 735 ILCS

5/3—107 (West 1996)). This court has held that the amendment applies retroactively. *Richard's Tire Co. v. Zehnder*, 295 Ill. App. 3d 48, 54 (1998); see also *Bunnell v. Civil Service Comm'n*, 295 Ill. App. 3d 97, 101 (1998). It would be incongruous indeed if the failure to name a proper party were not fatal to a complaint, but an incidental reference to an unauthorized form of relief mandated immediate dismissal. The statute does not require such a result.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

COLWELL and HUTCHINSON, JJ., concur.