KENNETH JOHNSON, Plaintiff-Appellee, v. THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellants.

Third District    No. 3—93—0203

Opinion filed October 6, 1993.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and John A. Morrissey, Assistant Attorney General, of Chicago, of counsel), for appellants.

Burt L. Dancey, of Elliff, Keyser, Oberle & Davies, P.C., of Pekin, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Kenneth Johnson, filed a complaint for administrative review from a final decision of the Director of the Illinois Department of Public Aid (the Department). The plaintiff failed to have summonses issued on the defendants until 177 days after the statutory deadline. The trial court denied the defendants' motion to dismiss. The trial court certified the issue for appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), and this court subsequently granted leave to appeal. We find that the plaintiff's failure to have summonses issued within the statutory period is grounds for dismissal and therefore we reverse.

The record shows that the Director of the Illinois Department of Public Aid, Phil Bradley, issued a final administrative decision ordering the plaintiff to pay the Department over $12,000 for delinquent child support payments. The plaintiff filed a timely complaint for administrative review of that decision in the circuit court of Tazewell County. He then served copies of the complaint on the defendants by certified mail. However, he failed to have summonses issued within the 35-day period as set forth in section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—103).

Thereafter, the defendants did not respond to the complaint until the plaintiff filed a motion for a default judgment. At that point, the defendants filed a special and limited appearance, objecting to the circuit court's jurisdiction based on the plaintiff's failure to have summonses issued. Shortly thereafter, but 177 days after the deadline for the issuance of summons under the Administrative Review Law, the plaintiff had summonses issued. The trial court denied the defendants' objection to jurisdiction and ordered that they respond to the complaint. The defendants subsequently filed a motion to dismiss based on the plaintiff's failure to issue summonses according to statute. That motion also was denied.

The first issue presented on appeal is whether the trial court should have dismissed the plaintiff's complaint for failure to have summonses issued within the statutory period.

We note that section 3—103 of the Administrative Review Law provides that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint *and the issuance of summons within 35 days* from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 110, par. 3—103.) Section 3—105 of the Administrative Review Law provides that service of summons be made by the clerk of the court addressed to the agency at its main office in the State. (Ill. Rev. Stat. 1991, ch. 110, par. 3—105.) Both this court and the Illinois Supreme Court have recently held that complaints for administrative review were properly dismissed for failure to serve summons within the 35-day period and name a necessary party. (*Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266; *Murray v. Board of Review* (1992), 237 Ill. App. 3d 792, 604 N.E.2d 1040.) Both courts noted:

"The requirement that a complaint be filed within the 35-day limit is jurisdictional; if a complaint is not timely filed, no jurisdiction is conferred on the circuit court and judicial review of the administrative decision is barred. [Citation.] The 35-day

period for the issuance of summons, on the other hand, is mandatory, not jurisdictional, and failure to comply with that requirement will not deprive the court of jurisdiction. [Citations.] However, as the 35-day period is intended to 'hasten the procedure' of administrative review and avoid undue delay, a litigant must show a good-faith effort to file the complaint and secure issuance of summons within the 35 days in order to avoid dismissal. [Citations.] In cases where the 35-day requirement has been relaxed, the plaintiffs had made a good-faith effort to issue summons within the statutory period. Nevertheless, due to some circumstance beyond their control, summons was not issued within the statutory period." (*Lockett,* 133 Ill. 2d at 354-55, 549 N.E.2d at 1268.)

The plaintiff argues that *Murray* and *Lockett* are distinguishable on the basis that here the defendants had notice of the proceedings and caused the delay by failing to respond to the complaint.

We disagree. The principles enunciated in *Murray* and *Lockett* are not limited in the way the plaintiff suggests. The *Lockett* court specifically noted that the Administrative Review Law is a departure from the common law and parties seeking its application must adhere strictly to its procedures. (*Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266.) Although the 35-day period is not jurisdictional, it is mandatory, and in order to avoid dismissal, the plaintiff must demonstrate a good-faith effort to issue summons within the 35-day limit. Here, the plaintiff did not make a good-faith effort to issue summons. Instead, he sent notice by certified mail. The plaintiff should not be allowed to create his own service procedure. Thus, the plaintiff's argument must be rejected.

Citing *Blunier v. Board of Fire & Police Commissioners* (1989), 190 Ill. App. 3d 92, the plaintiff further argues that the defendants waived their argument by filing a motion to dismiss and thereby making a general appearance in the matter.

We find that the plaintiff's argument and his reliance on *Blunier* are without merit and should be rejected. First, we note that the defendants' defense here is not a jurisdictional argument so the plaintiff cannot contend that the defendants waived the issue by filing a motion to dismiss. Since the time limit on the issuance of summons is a mandatory requirement and not a jurisdictional one, the defendants were not required to file a special and limited appearance and could raise the issue in a motion to dismiss at any time before responding to the merits of the complaint. Second, we note that *Blunier* is not on point. In *Blunier,* the plaintiff did not serve summons. Nevertheless,

the defendant filed a response to the complaint on the merits and did not file a motion to dismiss the request for review as technically insufficient. The present case is different in that the instant defendants did not file a response on the merits, but instead filed a special and limited appearance challenging jurisdiction, and then when that was denied, they filed a motion to dismiss based on plaintiff's failure to comply with the mandatory requirements of the statute. Accordingly, we find that the defendants did not waive their argument.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is reversed.

Reversed.

McCUSKEY, P.J., and LYTTON, J., concur.