THIRD DIVISION

MAY 28, 1997

1-95-3894

ILLINI CARRIER, L.P., ) Appeal from

) the Circuit Court

Plaintiff-Appellant and ) of Cook County.

Cross-Appellee, )

) 

v. )

)

ILLINOIS COMMERCE COMMISSION, )

ILLINOIS POWER COMPANY, ILLINOIS ) 

HISTORIC PRESERVATION AGENCY, and )

THE DEPARTMENT OF AGRICULTURE, )

) 

Defendants-Appellees, ) 

)

and )  

) 

ILLINOIS POWER COMPANY and ILLINOIS )    

COMMERCE COMMISSION, ) The Honorable

) Lester D. Foreman, 

Defendants and Cross-Appellants. ) Judge Presiding.

JUSTICE LEAVITT delivered the opinion of the court:

This appeal presents an issue of first impression regarding the responsibility of the Illinois Commerce Commission (the Commission) under section 18c-2109 of the Illinois Commercial Transportation Law (the Transportation Law) (625 5/18c-2109 (West 1992)), to render a decision within 90 days of completing oral hearings in a case.  The trial judge, presiding under the Administrative Review Law (the Review Law) (735 ILCS 5/3-101 
et seq.
 (West 1994)), held that a Commission order issued after 90 days had passed was void.  The judge also made rulings ancillary to this holding.  The plaintiff Illini Carrier, L.P. (Carrier), and the defendants, Illinois Power Company (IPC) and the Commission, have each appealed various aspects of these rulings.

The relevant background facts are as follows.  Carrier is a limited partnership registered pursuant to the Transportation Law to do business in Illinois as a common carrier of natural gas by pipeline.  In October 1988, the Commission issued a certificate of authority permitting Carrier to so operate; however, the Commission limited Carrier's authority to providing natural gas transportation services "to existing industrial and commercial customers other than those currently served by [IPC] or Union Electric Company on an exclusive basis."  Since then, Carrier has constructed a pipeline enabling it to deliver natural gas to Madison and St. Clair Counties in Illinois.

On January 10, 1991, Carrier applied to the Commission for permanent authority under the Transportation Law to transport natural gas to a refinery operated in Hartford, Illinois by the Clark Oil & Refining Company (Clark Oil).  Carrier also filed an application for an "interim order" pursuant to section 18c-2108 (625 ILCS 5/18c-2108 (West 1992)), seeking temporary authority to serve Clark Oil.  At the time, Clark Oil was an exclusive customer of IPC.  On February 6, 1991, the Commission issued an interim order permitting Carrier to service Clark Oil on a temporary basis.  Carrier, rather than IPC, has been servicing Clark Oil since February 1991.  On February 26, 1991, a hearing examiner conducted a hearing on Carrier's application for permanent authority.  

IPC subsequently filed a petition for leave to intervene which was denied by the hearing examiner, and the hearing examiner issued to the Commission a "recommended order" on Carrier's application.  IPC then filed an interlocutory appeal to the Commission regarding its right to intervene.  The Commission issued a second interim order overturning the denial of IPC's petition to intervene and remanded the case to the hearing examiner to hold additional evidentiary hearings and to develop a complete record in the matter. 

The hearing examiner conducted the requisite hearings, and on June 11, 1993, he issued an unsigned document ink-stamped with the term "Hearing Examiner's Proposed Order" (the Proposed Order) finding in favor of Carrier's application for permanent authority to service Clark Oil.  Pursuant to section 200.830 of the Commission's Rules of Practice (83 Ill. Adm. Code § 200.830 (1993)), IPC filed a brief on exceptions objecting to the Proposed Order.  Carrier filed an opposing brief.  On July 20, 1993, and again on September 15, 1993, the Commission heard oral argument concerning the Proposed Order.  The Commission marked its record "heard and taken" after the second oral argument.  Over 10 months later, on July 20, 1994, the Commission issued a decision denying Carrier's application for permanent authority.  Carrier timely filed a motion for rehearing, which was denied on October 5, 1994.

On October 17, 1994, Carrier filed a complaint seeking judicial review of the Commission's decision pursuant to the Review Law.  Carrier raised numerous substantive issues regarding the Commission's decision; however, the trial judge did not reach those issues.  Rather, he addressed solely jurisdictional and procedural issues raised by the complaint: (1) whether the Commission's order was void because it was issued more than 90 days after the close of oral hearings in contravention of section 18c-2109 of the Transportation Law; and (2) whether the Proposed Order granting Carrier's application issued by the hearing examiner became the order of the Commission under section 18c-1203 when the Commission did not issue a decision within 90 days.

The trial judge heard extensive argument on the issues, and on July 20, 1995, he held that the Commission's order was void due to the Commission's failure to decide the case within 90 days and that the Commission had lost jurisdiction over the case.  The judge also held, however, that the Proposed Order was not the final order in the case.  Instead, the judge stated that the interim order remained in effect.  The parties filed motions for rehearing, and, on October 23, 1995, the judge granted the Commission's motion in part, amending his order to reflect that "[the Commission] is entitled to resume consideration of the Interim Order, and if it chooses to do so, may revoke the Interim Order."

Initially, we address the contention by the Commission and IPC, raised in their cross-appeals, that the trial judge should have dismissed Carrier's complaint because Carrier failed to properly issue summons on the defendants in compliance with the Review Law.  This issue arises because of the manner in which Carrier filed its action.  On August 9, 1994, after the Commission issued its decision denying Carrier's application for permanent authority, but before the order became final, Carrier filed an action in the circuit court against the Commission seeking an injunction barring enforcement of the decision.  Carrier served the Commission with summons in conjunction with that filing.  Carrier subsequently filed a motion for rehearing before the Commission.

In response to Carrier's complaint, the Commission filed a special and limited appearance in the circuit court and moved to dismiss the injunction action for lack of jurisdiction because Carrier had failed to exhaust administrative remedies.  Section 18c-2201(2) of the Transportation Law states that rulings of the Commission are not final and may not be reviewed until all motions for rehearing have been denied by the Commission.  Also, IPC moved to intervene in the injunction action and sought leave to file a motion to dismiss on the same grounds.  The trial judge deferred ruling on the motions.  The Commission then denied Carrier's motion for rehearing in the agency action.  Within 35 days, Carrier moved to withdraw its injunction action and to amend its complaint to state a claim under the Review Law, naming as defendants the Commission and IPC.  Carrier did not serve summons on the Commission in conjunction with its amended complaint.  Carrier served IPC by hand delivering a summons.

The Commission and IPC filed their motions to dismiss, the Commission arguing that it had not been served summons, and IPC arguing that service had not been effected by certified or registered mail, as contemplated by section 3-107 of the Review Law, nor was service in the form provided by Illinois Supreme Court Rule 291 (134 Ill. 2d R. 291).  The trial judge denied the defendants' motions to dismiss on the ground that they had waived any error in the service of summons and, in addition, because IPC had been personally served summons.

Section 3-103 of the Review Law provides that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected."  735 ILCS 5/3-103 (West 1994).  The requirement that summons be issued within 35 days is mandatory, rather than jurisdictional.  
Lockett v. Chicago Police Board
, 133 Ill. 2d 349, 355, 549 N.E.2d 1266 (1990); 
Johnson v. Department of Public Aid
, 251 Ill. App. 3d 604, 622 N.E.2d 50 (1993).  When a plaintiff fails to serve summons within 35 days, as required, the action is subject to dismissal on motion by a defendant filed at any time before answering the complaint.  
Johnson
, 251 Ill. App. 3d at 606.  In order to avoid dismissal in such cases, the plaintiff must make a showing of a "good-faith effort to issue summons within the statutory period."  
Lockett
, 133 Ill. 2d at 355.  

We believe that under the unique procedural circumstances of this case, the agency and IPC have waived their rights to object to the improper service.  On October 17, 1994, within 35 days of the day the Commission's order became final, the trial judge granted leave to Carrier to file its amended complaint under the Review Law.  Also on October 17, Carrier filed an emergency motion for stay of the Commission's order.  On October 18, 1994, IPC responded to the motion on the merits, although the Commission did not respond to the motion.  On November 16, 1994, however, five days after the 35-day period had expired, the trial judge entered an agreed order, in which both the Commission and IPC agreed to a briefing schedule for answering the amended complaint.  

The service requirement under the Review Law is "intended to 'hasten the procedure' of administrative review and avoid undue delay."  
Lockett
, 133 Ill. 2d at 355.  This purpose is fully effectuated in this case, where one of the defendants (IPC) was served, albeit imperfectly, and actually litigated a substantive motion for a stay, and where both defendants appeared in court after 35 days had passed and specifically agreed to answer the complaint.  See 
Johnson
, 251 Ill. App. 3d at 606 (defendant may move to dismiss for improper service of summons until it answers the complaint).  If the Commission and IPC wished to object to the issuance of summons, they should not have agreed to answer the complaint.  This distinguishes this case from 
Buroff v. Board of Fire & Police Commissioners
, 248 Ill. App. 3d 626, 627-28, 618 N.E.2d 930 (1993), in which the record contained no such agreement.  We hold that the defendants have waived their rights to object pursuant to the 35-day requirement in section 3-103 of the Review Law.

In its cross-appeal, IPC also contends that the trial judge erred in finding that the Commission's order was void.  The trial judge initially ruled that under section 18c-2109 of the Transportation Law, the Commission lost jurisdiction to issue its ruling 90 days after the close of oral argument in the case.  However, in granting, in part, the Commission's motion for rehearing, the judge modified finding four of his order to indicate that the Commission could reopen the proceedings, thus implying that section 18c-2109 does not impose a jurisdictional requirement.  We note that the Commission has specifically informed this court that it does not challenge the trial judge's interpretation of section 18c-2109.  In any event, we agree with the trial judge's holding in this regard to the extent he found that the order issued by the Commission after 90 days has elapsed is void.

Section 18c-2109 of the Transportation Law states:

"The Commission shall consider matters properly before it in the most expeditious manner possible, and in no case shall the final order resolving matters in a proceeding be entered later than the 90th day following the close of oral hearing.  Proceedings may be reassigned in order to expedite consideration and disposition."  625 ILCS 5/18c-2109 (West 1992).

Generally, statutory provisions that specify a time within which an agency must act are merely directory, "'unless the nature of the act to be performed or the language used in the statute evidences an intention to limit'" the agency's power.  
Frances House, Inc. v. Department of Public Health
, 269 Ill. App. 3d 426, 430, 645 N.E.2d 1009 (1995), quoting 
Foley v. Civil Service Comm'n
, 89 Ill. App. 3d 871, 873, 412 N.E.2d 612 (1980).  When a provision contains "negative words importing that the act shall not be done in any other manner or time than that designated *** or where a disregard of its provisions would injuriously affect a public or private right
," it is deemed mandatory.  
Foley
, 89 Ill. App. 3d at 873.  

IPC argues that interpreting section 18c-2109 as directory would not injuriously affect Carrier's rights because it had been operating under a grant of temporary authority throughout the proceedings.  This is true; however, the rule announced in 
Foley
 and reaffirmed in 
Frances House
 is in the disjunctive: whether disregard of the provisions would injure a party's rights 
or
 whether the statute contains negative language.  The latter is thus sufficient in itself to render the time limitation mandatory upon the agency.

Section 18c-2109 contains a negative proscription: "in no case shall" a final order be entered more than 90 days "after the close of oral hearing."  625 ILCS 5/18c-2109 (West 1992).  Although this language is preceded by a directive that "the Commission shall consider matters before it in the most expeditious manner possible," we consider this to indicate a legislative intent that the decision be rendered sooner than 90 days.  625 ILCS 5/18c-2019 (West 1992).  Furthermore, the last sentence of section 18c-2109 includes an additional expression of negative legislative intent, allowing for the Commission to reassign a matter if the Commission believes doing so will expedite it.  The legislature enacted the Transportation Law to "facilitate a coordinated approach to regulation of motor carriers, rail carriers, common carriers by pipeline, and brokers."  625 ILCS 5/18c-1102(a) (West 1992).  The legislature also found that the "accelerating pace of change in the transportation industry *** necessitates the streamlining of regulatory procedures to allow for prompt action to protect the interests of the people of the State of Illinois."  625 ILCS 5/18c-1102(b) (West 1992).

We believe that a mandatory interpretation of section 18c-2109 is consistent with the plain language, intent and purpose of the Transportation Law.  Hence, we affirm the trial judge's ruling that the Commission's order, issued beyond the 90-day limitation, is void.  However, we agree with the defendants, as well as the implication of amended finding four, that the Commission's failure to rule did not strip the agency of "jurisdiction" over this cause.

Section 18c-2109 does not state that its proscription is jurisdictional.  Furthermore, as the Commission notes, section 18c-2110(2) of the Transportation Law grants the Commission continuing authority to "reopen a proceeding to consider clarification, modification, or rescission of its order" so long as it does not, in doing so, "impair the vested rights of any person."  625 ILCS 5/18c-2110(2) (West 1992).  Such authority is not consonant with a legislative intent to divest the Commission's jurisdiction over a matter before such time as a final order is entered in the case.

Indeed, this court has recognized that the term "'jurisdiction' may not be strictly applicable to [an] administrative body; however, it is appropriately utilized to designate the authority of that agency to act."  
Spray v. Illinois Civil Service Comm'n
, 114 Ill. App. 3d 569, 573, 449 N.E.2d 176 (1983).  Because the Transportation Law grants the Commission continuing authority to act in a given matter, we hold that the time proscription in section 18c-2109 is not "jurisdictional."

In its appeal, however, Carrier urges that the Commission should not be permitted to resume consideration of its application because the Proposed Order of June 10, 1993, should become the final order in the case.  Carrier relies on section 18c-1203 of the Transportation Law, which establishes a hearing officer's authority to issue "initial decisions" and grants parties a right to appeal an initial decision to the Commission.  Section 18c-1203(4) states, "An initial decision which has not been administratively appealed or the administrative appeal of which has been denied shall be effective and enforceable in the same manner as an order of the Commission."  625 ILCS 5/18c-1203(4) (West 1992).  Carrier contends that when the Commission did not rule on its application within 90 days, the effect was to deny IPC's appeal of the Proposed Order, thus rendering that order "enforceable in the same manner as an order of the Commission."  Carrier's contentions in this regard would require that we hold that the Proposed Order was a section 18c-1203 initial decision.

In conjunction with this issue, Carrier urges that the trial judge erred in striking an affidavit it attached to its motion for rehearing.  The affidavit was sworn by Rory McGinty, who was special counsel to the Commission during the drafting of the Transportation Law.  McGinty's affidavit contained his view of the legislative intent with regard to section 18c-1203 of the Transportation Law.  The judge struck the affidavit because Carrier had not presented it to the Commission during the agency proceedings, and, therefore, it was not part of the administrative record.  Section 3-110 of the Review Law provides that "[n]o new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court."  735 ILCS 5/3-110 (West 1994).  This proscription applies to affidavits not presented in the agency.  
Burgess v. Board of Fire & Police Commissioners
, 209 Ill. App. 3d 821, 568 N.E.2d 430 (1991).  The trial judge did not err in striking the affidavit.   

The trial judge ruled that the Proposed Order was not an initial decision as defined in section 18c-1203 of the Transportation Law.  We note that the document is not entitled "initial decision."  Rather, it is entitled "Order," followed by language indicating that the order is issued "By the Commission."  Also, each page of the document is clearly stamped with the term "Hearing Examiner's Proposed Order."  The final page of the document also demonstrates that it was the intent of the drafter of the Proposed Order that it be adopted and signed by the Chairman of the Commission as the final order in the case.  The conclusion of the Proposed Order states "IT IS THEREFORE ORDERED by the Illinois Commerce Commission" that Carrier's application is granted and that "subject to section[s] 18c-2201 and 18c-2206 of the [Transportation Law], this is a final decision subject to the Administrative Review Law.  By order of the Commission this ___ day of ___, 1993.  Chairman."

By contrast, section 18c-1203(2) states that "[d]ecisions under this Section shall be by letter notice or directive, 
signed by the person authorized to make the initial decision
.  Such notice or directive shall be effective and enforceable in the same manner as an order of the Commission."  (Emphasis added.) 625 ILCS 5/18c-1203(2) (West 1992).  The Proposed Order is not signed by the hearing examiner or anyone else.  Therefore, even assuming the Commission intended for the hearing examiner to issue the Proposed Order as an initial decision under section 18c-1203, it would not become an enforceable final order under section 18c-1203(3).  

Nonetheless, we do not believe the Proposed Order is an initial decision under section 18c-1203.  The notification to the parties accompanying the Proposed Order explicitly states that it was prepared, not under the authority of section 18c-1203 but, rather, "pursuant to the Commission's Rules of Practice (83 Ill. Adm. Code 200)."  The body of the Proposed Order also states that "A 
proposed order
 was served on all parties in accordance with 83 Ill. Adm. Code 200.820." (Emphasis added.)  Although the parties dispute precisely what procedure authorized the hearing examiner's conduct of the proceedings in this case--the defendants contend the hearings were conducted pursuant to the Illinois Administrative Procedure Act (5 ILCS 100/1-1 et seq. (West 1992) and the plaintiff's brief implies they were conducted solely pursuant to the provisions in the Transportation Law--we do not believe we need resolve that issue to determine the nature of the Proposed Order, nor do we believe that issue is properly before us, as it was never raised before the Commission.  We note only that section 18c-2102(1) states that the Commission may only issue orders after notice and hearings "in accordance with the rules of practice applicable" to the Transportation Law.  625 ILCS 5/18c-2102(1) (West 1992).  See 625 ILCS 5/18c-2103(1) (West 1992) (authorizing the Commission to adopt such rules of practice).

Section 200.500 of the Commission's Rules of Practice authorizes a hearing examiner to conduct proceedings and imposes a "responsibility for submission of the matter 
to the Commission for decision
." (Emphasis added.)  83 Ill. Adm. Code § 200.500 (1993).  In carrying out this responsibility, the hearing examiner is authorized "[t]o issue recommended proposed orders pursuant to section 200.820."  83 Ill. Adm. Code § 200.500(f) (1993).  Section 200.820(b)(1) provides for a hearing examiner to issue a proposed order in contested cases, after which the parties may, as they did here, file "briefs on exceptions" and replies thereto (83 Ill. Adm. Code § 200.830 (1993)) and may argue their case orally before the Commission. 83 Ill. Adm. Code § 200.850 (1993).  Of particular note, section 200.860 provides, "Following receipt of the proposed order of the Hearing Examiner and any briefs of the parties, and following oral argument, if any, the Commission shall make its decision***."  83 Ill. Adm. Code § 200.860 (1993).

Our review of the Proposed Order indicates it was issued pursuant to the hearing examiner's authority under sections 200.500(f) and 200.820(b)(1).  Such "recommended proposed orders" are clearly interlocutory in nature and not intended to be final orders.  Therefore, we agree with the trial judge that the Proposed Order did not become the final order in this case after the Commission failed to issue its decision in 90 days.

The trial judge's order also states that the interim order remains in effect because of the Commission's failure to act within 90 days: "This Court finds that because no final order was entered by the ICC, the ICC's interim order entered on February 6, 1991, continues in effect."  In their cross-appeals, the Commission and IPC contend that the trial judge lacked jurisdiction to make this finding because Carrier failed to present an issue regarding the interim order in its complaint and because the trial judge lacked authority under the Review Law to render a declaratory judgment regarding the continued effect of the interim order.  In the alternative, the defendants contend that the interim order has expired by operation of law due to the issuance of a final order by the Commission, regardless of the fact that the order is void.

Section 18c-2108(2) of the Transportation Law states that interim orders "shall remain in effect pending final disposition *** unless otherwise provided in the interim order***."  625 ILCS 5/18c-2108(2) (West 1992).  The February 6, 1991 interim order states, as part of its terms, that: "IT IS FURTHER ORDERED that the temporary authority conveyed herein shall expire automatically upon issuance of a final order denying the corresponding application for authority *** unless otherwise ordered by the Commission."  By statute and by its own terms, the interim order is interlocutory in nature.  Thus, under the Review Law, the trial judge lacked jurisdiction to "review" the interim order.  735 ILCS 5/3-101, 3-102 (West 1994).

Nonetheless, we do not consider that the trial judge reviewed the interim order.  Rather, his finding was more in the nature of a logical observation that because the Commission had not entered a valid final order in the case, the interim order remained in effect.  Although we note that the Commission's order was an "administrative decision" and thus "final" in the sense that, by determining the rights of the parties, it was appealable under the Review Law (735 ILCS 5/3-101, 3-102 (West 1994)), because we have held the order void, there has been no determination in this case at all, let alone, as the judge noted, a "final order denying the corresponding application for authority."  As a result, we consider that the status in this case remains as of the day the Commission lost the authority to render a decision.  That is also the import of the trial judge's "finding."  We do not perceive that he acted outside his authority in this regard.

For all of the foregoing reasons, the judgment is affirmed.

Affirmed.

ZWICK, P.J., and RAKOWSKI, J., concur.