NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190657-U

NO. 4-19-0657

IN THE APPELLATE COURT

FILED
October 26, 2020
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| X-GEN PHARMACEUTICALS, INC., | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| THE DEPARTMENT OF FINANCIAL AND | ) | No. 18MR821 |
| PROFESSIONAL REGULATION; BRYAN A. | ) | |
| SCHNEIDER, in His Official Capacity as Secretary of | ) | |
| Financial and Professional Regulation; and JESSICA A. | ) | |
| BAER, in Her Official Capacity as Director of the | ) | |
| Division of Professional Regulation of the Department of | ) | Honorable |
| Financial and Professional Regulation, | ) | Christopher G. Perrin, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court erred by dismissing with prejudice plaintiff's complaint for administrative review where the delay in service on the administrative agency was due to the error of the circuit clerk.

¶ 2    In October 2018, plaintiff, X-Gen Pharmaceuticals, Inc., filed a timely complaint for administrative review against defendants, the Department of Financial and Professional Regulation (Department); Bryan A. Schneider, in his official capacity as Secretary of the Department (Secretary); and Jessica A. Baer, in her official capacity as Director of the Division of Professional Regulation of the Department (Director). Plaintiff sought review of the Director's September 17, 2018, order, imposing a $1500 fine on plaintiff. Defendants filed a motion to dismiss plaintiff's complaint under section 2-619(a) of the Code of Civil Procedure

(Procedure Code) (735 ILCS 5/2-619(a) (West 2018)), contending plaintiff failed to have the summons properly issued and plaintiff's complaint failed to comply with section 3-108 of the Administrative Review Law (Review Law) (735 ILCS 5/3-108 (West 2018)). Defendants later filed an amended motion to dismiss. After a June 2019 hearing, the Sangamon County circuit court granted the defendants' amended motion and dismissed plaintiff's complaint with prejudice. Plaintiff filed a motion to reconsider, which the court denied after a September 2019 hearing. Plaintiff appeals, asserting the circuit court erred by granting defendants' motion to dismiss and by denying plaintiff's motion to reconsider. We reverse and remand for further proceedings.

¶ 3                                I. BACKGROUND

¶ 4            According to plaintiff's complaint, plaintiff holds a wholesale distributor of dangerous drugs license in the state of Ohio. In January 2017, Ohio imposed a $4000 penalty on plaintiff for its actions between 2007 and 2009. Plaintiff paid the penalty, and its license in Ohio is in good standing. In November 2017, plaintiff received a complaint from defendants, alleging it had not complied with Illinois regulations by failing to comply with the regulations in Ohio, in violation of section 1510.50(i) of Title 68 (68 Ill. Adm. Code 1510.50(i) (repealed eff. Mar. 6, 2020)) and sections 26 and 55(a)(1) of the Wholesale Drug Distribution Licensing Act (Licensing Act) (225 ILCS 120/26, 55(a)(l) (West 2016)). In April 2018, an administrative law judge's report and recommendation was filed. Defendants filed findings of fact, conclusions of law, and recommendations to the Director in May 2018. Plaintiff filed a motion for rehearing, noting the issue of federal preemption was neither addressed in defendants' findings of fact, conclusions of law, and recommendations to the Director nor in the administrative law judge's report and recommendation. On September 17, 2018, the Director adopted the findings of fact,

conclusions of law, and recommendations and ordered plaintiff to pay a $1500 fine.

¶ 5        Plaintiff's complaint for administrative review was brought under the Review Law as provided for in section 160 of the Licensing Act (225 ILCS 120/160 (West 2018)) and was filed on October 22, 2018. In its complaint, plaintiff asserted defendants lacked jurisdiction to discipline or fine plaintiff for acts that occurred in a different state. It also contended the September 2018 order was preempted by federal law. Additionally, plaintiff asserted the order was contrary to the law because (1) defendants' first amended administrative complaint did not allege plaintiff was engaging in a wholesale distribution of human prescription drugs within Illinois and (2) plaintiff had already been subjected to discipline in Ohio and should not be subjected to further discipline. The docket sheets indicate the clerk of the circuit court issued summons to the Department on the same day plaintiff's administrative review complaint was filed. On December 19, 2018, the circuit clerk issued alias summons to the Department. The docket sheets state a copy of the original complaint and summons was served with the alias summons on December 19, 2018.

¶ 6        In January 2019, defendants filed a notice of special and limited appearance and a motion to dismiss pursuant to section 2-619(a) of the Procedure Code (735 ILCS 5/2-619(a) (West 2018)), asserting the circuit court lacked jurisdiction. The motion to dismiss alleged plaintiff failed to have the summons issued properly and the good faith exception does not apply. Defendants further contended plaintiff's complaint did not comply with the Review Law's requirements. Plaintiff filed a response to defendants' motion to dismiss, contending the motion to dismiss should be denied because it was unsupported and unverified. Plaintiff also argued the complaint complied with the Review Law and the summons was timely issued.

¶ 7        On June 5, 2019, defendants filed an amended motion to dismiss. That same day,

the circuit court heard arguments on defendants' amended motion to dismiss. A report of proceedings for the hearing is not included in the record on appeal. On June 12, 2019, the court entered a written order, granting defendants' motion and dismissing plaintiff's complaint with prejudice. The order did not set forth the court's reasoning behind the dismissal.

¶ 8    Plaintiff filed a motion to reconsider on July 11, 2019. Plaintiff later filed a memorandum in support of its motion to reconsider. The following exhibits were attached to the memorandum: (1) the circuit court docket sheets for this case; (2) Public Act 100-212 (eff. Aug. 18, 2017) (amending 735 ILCS 5/3-107); (3) the Director's September 17, 2018, order; (4) legislative history (100th Ill. Gen. Assem., House Proceedings, May 26, 2017, at 18-20, 34-35); (5) Illinois Rules of Professional Conduct Rule 3.3 (eff. Jan. 1, 2010); (6) Central Management Services' response to a motion to dismiss in Sangamon County circuit court No. 14-MR-776; and (7) *Department of Transportation v. Coe*, 112 Ill. App. 3d 506, 445 N.E.2d 506 (1983). In its motion to reconsider, plaintiff argued defendants should not have been allowed to amend their motion to dismiss on the day of the hearing, the summons was issued within 35 days, the Director's order failed to list the parties and their addresses, the doctrine of judicial estoppel prevented defendants from arguing for a dismissal based on technicalities, and defendants failed to provide the agency record. Defendants filed a response to the motion to reconsider and attached the following documents: (1) case information for this case on the Sangamon County circuit court's website; (2) an e-mail string between Patrick Callahan and William Siders regarding when to hold the hearing on the motion to dismiss; (3) an e-mail string between Siders, Callahan, and Alex Hirschfield regarding amending the motion to dismiss; and (4) an e-mail from Siders regarding the proposed order on the motion to dismiss.

¶ 9    On September 3, 2019, the circuit court held a hearing on plaintiff's motion to

reconsider. After hearing the parties' arguments, the court denied plaintiff's motion to reconsider.

¶ 10 On September 23, 2019, plaintiff filed a timely notice of appeal in compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). Accordingly, this court has jurisdiction of this appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 11 In June 2020, defendants filed a motion to summarily vacate the circuit court's June 12, 2019, and September 3, 2019, orders on review and remand the matter for further proceedings. Specifically, defendants requested remand to the circuit court so they could file the notice of service of the final administrative decision as part of further motion practice, and if necessary thereafter, as part of its answer in administrative review containing the record of the administrative proceedings. Plaintiff concurred with defendants' motion. On July 2, 2020, this court denied defendants' motion, noting defendants did not cite any legal authority for the relief requested.

¶ 12 In July 2020, defendants filed a second motion to remand, and plaintiff objected this time. This court denied defendants' motion on July 15, 2020.

¶ 13 II. ANALYSIS

¶ 14 A. Preliminary Matters

¶ 15 Here, plaintiff appeals the circuit court's judgment granting defendants' section 2-619 motion to dismiss, contending (1) it did fulfill the obligations set forth in sections 3-103 and 3-105 of the Review Law (735 ILCS 5/3-103, 3-105 (West 2018)) for obtaining administrative review, (2) section 3-105 does not authorize dismissal for failure to serve a party who is affiliated with an agency, (3) plaintiff's failure to include an affidavit of addresses is not cause for dismissal of its complaint, (4) it was not required to file a proof of service, and (5) a

- 5 -

good-faith exception should have been recognized. Plaintiff also asserts the circuit court erred by denying its motion to reconsider because the court misapplied Illinois law.

¶ 16        Defendants do not address plaintiff's arguments but, instead, again request this court to vacate the circuit court's orders and remand the matter for further proceedings. Defendants desire a remand to present evidence the Department gave plaintiff notice of the parties to name as defendants in administrative review and their addresses. Our analysis of the issues does not require us to address whether the Department provided plaintiff with such a notice, and thus we find remand for further evidence on that issue is not warranted.

¶ 17        Plaintiff contends that, since defendants only seek a remand for additional evidence and do not address the issues raised by plaintiff, this court should treat this appeal as if no appellee brief was filed. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976). However, plaintiff does not cite any authority in support of its contention we should apply *Talandis* when an appellee has filed a brief but the brief does not directly address plaintiff's issues on the merits. Here, defendants chose to argue one issue they felt was dispositive of the appeal. While we disagree with their assertion the issue is dispositive, it does not mean they failed to file a brief, requiring the application of *Talandis*.

¶ 18                        B. Amended Motion to Dismiss

¶ 19        Defendants' amended motion to dismiss appears to have been brought under section 2-619(a)(9) of the Procedure Code (735 ILCS 5/2-619(a)(9) (West 2018)). That section allows the dismissal of an action where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2018). "The phrase 'affirmative matter' refers to a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained

in or inferred from the complaint." *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 16, 135 N.E.3d 73. A section 2-619 motion to dismiss "admits well-pleaded facts but does not admit conclusions of law and conclusory factual allegations unsupported by allegations of specific facts alleged in the complaint." *McIntosh*, 2019 IL 123626, ¶ 16. Moreover, the motion does not admit the truth of any allegations in the complaint that may touch on the affirmative matter the motion raises. *McIntosh*, 2019 IL 123626, ¶ 16. When the movant presents affidavits or other evidentiary matter supporting the asserted defense, the burden then shifts to the plaintiff to establish the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. *McIntosh*, 2019 IL 123626, ¶ 16. In reviewing a dismissal pursuant to section 2-619(a)(9), this court determines whether a genuine issue of material fact exists that would have precluded the dismissal or, absent such an issue of fact, whether dismissal was proper as a matter of law. *McIntosh*, 2019 IL 123626, ¶ 17. We review *de novo* a dismissal under section 2-619(a)(9). *McIntosh*, 2019 IL 123626, ¶ 17.

¶ 20                    1. *Compliance with Section 3-103 of the Review Law*

¶ 21         On appeal, plaintiff argues the summons does not have to be served within 35 days and asserts it complied with section 3-103 of the Review Law. Defendants do not specifically address this issue on appeal. In their amended motion to dismiss in the circuit court, defendants quoted the following language from *Illini Carrier, L.P. v. Illinois Commerce Comm'n*, 288 Ill. App. 3d 835, 840, 681 N.E.2d 1022, 1026 (1997): "When a plaintiff fails to serve summons within 35 days, as required, the action is subject to dismissal on motion by a defendant filed at any time before answering the complaint." They argued plaintiff had to serve the summons within 35 days or the action is subject to dismissal.

¶ 22         Section 3-103 of the Review Law provides, in pertinent part, the following:

"Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision ***." 735 ILCS 5/3-103 (West 2018).

We note the plain language of section 3-103 only addresses the issuance of the summons and not service of the summons. The service of summons is addressed in section 3-105 of the Review Law and does not contain a time period for serving the summons. Moreover, our supreme court has explained only section 3-103's requirement of filing the complaint within the 35-day period is jurisdictional. *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 354, 549 N.E.2d 1266, 1268 (1990), overruled on other grounds by *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 424, 799 N.E.2d 260, 268 (2003). Thus, if the plaintiff fails to file the complaint within the 35-day period, the circuit court does not have jurisdiction, and judicial review of the administrative decision is barred. *Lockett*, 133 Ill. 2d at 354-55, 549 N.E.2d at 1268. On the other hand, the 35-day period for the issuance of summons is mandatory but not jurisdictional. *Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268. Accordingly, the failure to comply with that requirement will not deprive the circuit court of jurisdiction. *Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268. The supreme court again only addressed the issuance of the summons and not its service. Thus, we disagree with defendants' contention the summons had to be served within the 35-day period.

¶ 23        In this case, the circuit court clerk issued summons on October 22, 2018, which was within the 35-day period. Thus, we find plaintiff's complaint for administrative review complied with section 3-103 of the Review Law.

¶ 24                          B. Compliance with Section 3-105

¶ 25        Plaintiff contends it did comply with section 3-105.  As previously noted, defendants did not specifically address this issue in their brief.  Before the circuit court, defendants contended plaintiff failed to comply with section 3-105.

¶ 26        Section 3-105 of the Review Law (735 ILCS 5/3-105 (West 2018)) addresses the service of summons.  That section provides, in pertinent part, the following:

> "Summons issued in any action to review the final administrative decision of any administrative agency shall be served by registered or certified mail on the administrative agency and on each of the other defendants ***.  The method of service shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, summons shall be deemed to have been served either when a copy of the summons is personally delivered or when a copy of the decision is deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected by the decision at his or her last known residence or place of business.  The form of the summons and the issuance of alias summons shall be according to rules of the Supreme Court.  No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to serve summons on an employee, agent, or member of an administrative agency *** acting in his or her official capacity, where the administrative agency *** has been served as provided in this Section.  Service on the director or agency head, in his or her official capacity, shall be deemed service on the administrative agency, board, committee, or government entity.  No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to serve summons on an administrative agency

*** acting, where the director or agency head, in his or her official capacity, has been served as provided in this Section. Service on the administrative agency shall be made by the clerk of the court by sending a copy of the summons addressed to the agency at its main office in the State. The clerk of the court shall also mail a copy of the summons to each of the other defendants, addressed to the last known place of residence or principal place of business of each such defendant. The plaintiff shall, by affidavit filed with the complaint, designate the last known address of each defendant upon whom service shall be made. The certificate of the clerk of the court that he or she has served such summons in pursuance of this Section shall be evidence that he or she has done so." 735 ILCS 5/3-105 (West 2018).

¶ 27    According to defendants' amended motion to dismiss, the Department did not receive service until on or about January 7, 2019. Defendants alleged the clerk sent the summons to the plaintiff for service. The circuit clerk issued an alias summons on December 19, 2018. Defendants again alleged the circuit clerk sent the alias summons to plaintiff for service. They also noted the record lacked proof of service for summons for all three defendants. Defendants argued the delay in service was due to plaintiff's failure to provide the affidavit required by section 3-105. We disagree.

¶ 28    With statutory interpretation, our primary objective is to ascertain and give effect to the legislature's intent. *Accettura v. Vacationland, Inc.*, 2019 IL 124285, ¶ 11. Given its plain and ordinary meaning, the statutory language itself provides the most reliable indicator of the legislature's intent. *Accettura*, 2019 IL 124285, ¶ 11. Our supreme court has stated, " 'It is a basic rule of statutory construction that the words of a statute should be given their plain,

- 10 -

ordinary[,] and accepted meaning, unless to do so would defeat the legislative intent.' " *Accettura*, 2019 IL 124285, ¶ 11 (quoting *Peoria Savings & Loan Ass'n v. Jefferson Trust & Savings Bank of Peoria*, 81 Ill. 2d 461, 468, 410 N.E.2d 845, 848 (1980)).  This court does "not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the expressed intent."  *Accettura*, 2019 IL 124285, ¶ 11.

¶ 29        Section 3-105 consistently refers to the administrative agency and the other defendants separately.  Section 3-105 begins by requiring the clerk of the court to serve the summons by "registered or certified mail on the administrative agency and on *each of the other defendants*."  (Emphasis added.)  735 ILCS 5/3-105 (West 2018).  The section also mandates the circuit clerk to serve the "administrative agency" "by sending a copy of the summons addressed to the agency at its main office in the State."  735 ILCS 5/3-105 (West 2018).  The next sentence then provides the clerk "shall also mail a copy of the summons to *each of the other defendants*."  (Emphasis added.)  735 ILCS 5/3-105 (West 2018).  After the aforementioned sentence, the section then requires the plaintiff to file an affidavit with the complaint, which lists "the last known address of each defendant upon whom service shall be made."  735 ILCS 5/3-105 (West 2018).  To find the affidavit of addresses necessary for the clerk to serve the administrative agency would render the language "addressed to the agency at its main office in the State" meaningless.  See *Burns v. Department of Employment Security*, 342 Ill. App. 3d 780, 787, 795 N.E.2d 972, 977 (2003) (addressing service on nonagency defendants under the Review Law and quoting the sentence regarding service on the other defendants and the sentence regarding the affidavit).  Regardless of whether the plaintiff filed the affidavit, the circuit clerk was required by section 3-105 to serve the Department with a copy of the summons, mailing a copy of the summons by registered or certified mail to the Department at its main office in the State.  In this

case, the circuit clerk did not do so. Plaintiff then had the circuit clerk issue an alias summons. The record is unclear when or who served the alias summons, but it is clear the Department was eventually served. On these facts, we find the lack of prompt service on the Department was the result of the circuit clerk's actions and not plaintiff's.

¶ 30    When the service requirements of section 3-105 have not strictly been complied with, reviewing courts have addressed whether the plaintiff made a good-faith effort to comply with the Review Law. See *Burns*, 342 Ill. App. 3d at 788, 795 N.E.2d at 978. Regarding service on the Department, plaintiff had the circuit clerk timely issue summons and then it was the circuit clerk who failed to comply with the requirements of section 3-105. At some point, plaintiff learned the clerk did not effectuate service and had the clerk issue an alias summons. Thereafter, the Department was served. Thus, we find the good-faith exception should apply to the delay in service on the Department.

¶ 31    As to the other defendants, section 3-105 prohibits the dismissal of an action for administrative review for lack of jurisdiction "based upon the failure to serve summons on an employee, agent, or member of an administrative agency *** where the administrative agency *** has been served as provided in this Section." 735 ILCS 5/3-105 (West 2018). In their amended motion to dismiss, defendants admitted the Department was served with the summons in January 2019. The other defendants were employees of the Department. Thus, plaintiff's failure to file the affidavit and obtain service on the other defendants is not a basis for dismissing the complaint. Likewise, we do not find significant the record lacks a proof of service on the Department where the Department admitted in their amended motion to dismiss it received service of plaintiff's complaint for administrative review.

¶ 32    Accordingly, we find the circuit court erred by dismissing with prejudice

plaintiff's complaint for administrative review and remand the cause for further proceedings. Since we have found the circuit court's dismissal was erroneous, we do not address plaintiff's argument regarding the denial of its motion to reconsider.

¶ 33                                     III. CONCLUSION

¶ 34          For the reasons stated, we reverse the Sangamon County circuit court's judgment and remand for further proceedings.

¶ 35          Reversed and cause remanded.