NO. 4-02-0038

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

MICHAEL R. BLUMHORST, )  Appeal from

Plaintiff-Appellee, )  Circuit Court of 

)  Macon County

THE ILLINOIS DEPARTMENT OF EMPLOYMENT )  No. 01MR62

SECURITY, BOARD OF REVIEW, and Each of )

Its Members in Their Official )  

Capacities; ROLLAND W. LEWIS, Chairman; )  

STANLEY L. DRASSLER, Member; MICHAEL H. )  

BRESLAN, Member; JON R. WALKER, Member; )

WILLIAM J. NOLAN, Member; and DIRECTOR )  Honorable

GERTRUDE W. JORDAN, )  Katherine M. McCarthy,

Defendants-Appellants. )  Judge Presiding. 

_________________________________________________________________

JUSTICE APPLETON delivered the opinion of the court:

Plaintiff, Michael R. Blumhorst, filed a claim for unemployment benefits.  The Illinois Department of Employment Security (Department) denied his claim, whereupon he filed an administrative appeal, which the Department's board of review (board) denied.  He then filed this action for administrative review, naming as defendants the Department, its Director, the board, and each member of the board.  Defendants filed a motion to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2000)) on the ground that plaintiff had failed to obtain the issuance of summonses within 35 days after the board's decision, as section 3-103 of the Administrative Review Law (735 ILCS 5/3-103 (West 2000)) required.  The circuit court denied the motion and reversed the board's decision.  Defendants appeal, arguing (1) the circuit court erred in denying their motion to dismiss and (2) the board's decision was not clearly erroneous.  Because we agree with the first contention, we need not consider the second.  We reverse the circuit court's judgment.   

I. BACKGROUND

On May 23, 2000, plaintiff lost his job at EPL Bio-Analytical Services in Harristown, Illinois, because of a change of ownership.  He filed a claim for unemployment benefits for the period of June 15 through July 8, 2000.  The Department denied his claim, and plaintiff filed an administrative appeal.  On January 29, 2001, the board issued a final decision denying the appeal.  

The decision stated that it was "[d]ated and [m]ailed on [January] 29, 2001."  Immediately under that mailing date was a section entitled "Notice Of Rights For Further Review By The Courts," which stated:  "If you are aggrieved and want to appeal, you must file a complaint for administrative review and have summons issued in circuit court 
within
 
35
 
days
 from the above mailing date."  (Emphasis in original.)

On March 2, 2001, defendant filed a complaint for administrative review.  On March 14, 2001, the clerk of the circuit court issued summonses to defendants, and plaintiff served the summonses by certified mail.  In their motion to dismiss, defendants argued that plaintiff's failure to have summonses issued and served on the board or its members during the 35-day period after the board's final decision barred the action for administrative review.  A docket entry for July 9, 2001, indicates that the parties appeared in a hearing on the motion.  After "[a]rguments [were] heard," the circuit court took the motion under advisement.   The docket entry for July 10, 2001, says:  

"The [c]ourt has considered the pleadings on file, oral arguments of the parties, as well as the applicable statutory and case authority.  ***  There is no dispute that the [p]laintiff filed the [c]omplaint for [a]dministrative [r]eview within the requisite 35-day period; however, summonses were not issued by the [c]ircuit [c]lerk's [o]ffice within the requisite 35-day period as required by [section 3-103 of the Administrative Review Law (735 ILCS 5/3-103 (West 2000))] ***.  ***

The [c]ourt notes that the [p]laintiff is proceeding 
pro
 
se
, and that he did in fact have summonses signed by the [c]ircuit [c]lerk's [o]ffice ***.

*** The [c]ourt finds that the [p]laintiff has shown a good[-]faith effort to have summonses issued within the 35-day statutory period so as to warrant relaxation of the filing period ***.  [Defendants'] [m]otion to [d]ismiss is [denied].  The [c]ourt finds that the summonses were timely issued[] and that the [d]efendants have clear­ly received timely notice of the filing of this [c]omplaint."

On December 13, 2001, the circuit court set aside the board's decision.  This appeal followed.

II. ANALYSIS

We review 
de
 
novo
 the trial court's ruling on defendants' motion to dismiss.  
Towne Realty, Inc. v. Shaffer
, 331 Ill. App. 3d 531, 535, 773 N.E.2d 47, 51 (2002).  

Section 1100 of the Unemployment Insurance Act (820 ILCS 405/1100 (West 2000)) provides:  "Any decision of the [b]oard of [r]eview *** shall be reviewable only under and in accordance with the provisions of the Administrative Review Law" (735 ILCS 5/3-101 through 3-112 (West 2000)).  

Section 3-103 of the Administrative Review Law provides:   "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of a summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected [thereby].  

* * *

The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served either when a copy of the decision is personally delivered or when a copy of the decision is deposited in the United Stat­es mail, in a seal­ed envelope or package, with postage prepaid, addressed to the party affected by the decision at his or her last known residence or place of business."  735 ILCS 5/3-103 (West 2000).

The parties agree that the board served its final decision upon plaintiff on January 29, 2001.  Defendants came forward with evidence that the circuit clerk issued the summonses more than 35 days after service of the board's decision.  The burden shifted to plaintiff to come forward with evidence that he attempted, in good faith, to obtain the issuance of the summonses within the 35-day period.  See 
Lockett v. Chicago Police Board
, 133 Ill. 2d 349, 355, 549 N.E.2d 1266, 1268 (1990) ("[A] litigant must show a good-faith effort to *** secure issuance of summons within the 35 days in order to avoid dismissal").  Plaintiff had to come forward with evidence that would have been admissible in opposing a motion for summary judgment (
see 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993)), 
e.g.
, pleadings or other admissions by defendants, affidavits, or testimony (see 
O'Rourke v. Access Health, Inc.
, 282 Ill. App. 3d 394, 399-400, 668 N.E.2d 214, 218 (1996)).

The record does not appear to indicate that plaintiff presented any such evidence.  According to the docket entry of July 7, 2001, in the hearing on defendants' motion to dismiss, the circuit court "heard" only "arguments" by the parties.  According to the docket entry of July 10, 2001, when ruling on the motion, the court considered only "the pleadings on file, oral arguments of the parties, as well as the applicable statutory and case authority."  In an action for administrative review, the clerk of the circuit court "shall issue summons 
upon request of the plaintiff
."  (Emphasis added.)  735 ILCS 5/2-201(a) (2000).  There does not appear to be any evidence that plaintiff requested the issuance of summonses prior to March 14, 2001.  Merely assuming that the clerk will issue a summons does not qualify as a good-faith effort to obtain the issuance of the summons.  
Carver v. Nall
, 186 Ill. 2d 554, 559-60, 714 N.E.2d 486, 489 (1999).  

Issuance of the summons within 35 days is not a jurisdictional requirement, but it is mandatory.  
Lockett
, 133 Ill. 2d at 355, 549 N.E.2d at 1268.  Because plaintiff failed to come forward with evidence of a good-faith effort to obtain the issuance of the summonses within 35 days after the board served its decision upon him, the circuit court erred in denying defendants' motion to dismiss.  See 
Johnson v. Department of Public Aid
, 251 Ill. App. 3d 604, 606, 622 N.E.2d 50, 52 (1993).    

III. CONCLUSION

For the foregoing reasons, we reverse the circuit court's judgment.

Reversed.

KNECHT and McCULLOUGH, JJ., concur.­