NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230340-U

NO. 4-23-0340

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 15, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| LOGAN DYJAK, Individually and on Behalf of Others Similarly Situated, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellant, | ) | Sangamon County |
| v. | ) | No. 22MR349 |
| GRACE HOU, Individually and in Her Official Capacity as Secretary of the Illinois Department of Human Services, and LANA MILLER, Individually and in Her | ) ) ) | |
| Official Capacity as Administrator of the McFarland | ) | Honorable |
| Mental Health Center, | ) | Christopher G. Perrin, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Doherty concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed the trial court's dismissal with prejudice of plaintiff's complaint in administrative review where he failed to cause summons to issue within 35 days of the administrative decision.

¶ 2   Plaintiff, Logan Dyjak, appearing *pro se*, appeals an order of the trial court dismissing with prejudice his complaint for administrative review for failure to cause summons to issue within 35 days of the administrative decision. Plaintiff challenged the decision of defendant, Lana Miller, the administrator of McFarland Mental Health Center (Center), to transfer residents from one unit of the Center to another unit due to construction. On July 11, 2022, defendant, Grace Hou, secretary of the Illinois Department of Human Services (Department), upheld that decision.

¶ 3         On August 9, 2022, plaintiff filed a complaint in the trial court seeking administrative review. However, defendant did not cause summons to be issued until September 1, 2022. The court granted the Department's motion to dismiss for failure to cause summons to be issued within 35 days of the final administrative decision, as required by section 3-103 of the Administrative Review Law (735 ILCS 5/3-103 (West 2022)). Plaintiff appeals, contending (1) the limitations period should have been tolled, (2) the 35-day period was inapplicable because there never was a final administrative decision when Hou determined she lacked jurisdiction to review the matter, and (3) the 35-day limitations period was inapplicable because his complaint included statutory and constitutional claims subject to a 2-year limitations period. We affirm.

¶ 4                              I. BACKGROUND

¶ 5         Plaintiff was a resident at the Center, residing in Monroe Hall. In April 2022, at Miller's direction, residents of Monroe Hall were relocated to Kennedy Hall, a separate unit within the Center, because of repairs necessitating construction. Plaintiff objected to the relocation and sought review of the matter.

¶ 6         On July 11, 2022, Hou issued a "Final Administrative Decision" dismissing the challenge. In that decision, Hou determined the Illinois Administrative Code did not permit review of transfers between separate units of the same facility. See 59 Ill. Adm. Code 112.10(b) (2022). Because plaintiff's transfer was between separate units within the Center, Hou was without authority or jurisdiction to review the challenge. Also on July 11, 2022, the Department sent plaintiff a letter notifying him of the decision. That letter stated the time the trial court would allow for review of the decision "may be as short as 35 days."

¶ 7          On August 9, 2022, plaintiff filed a complaint in the trial court, alleging claims

for administrative review, statutory violations, and violations of substantive and procedural due

process. The complaint did not include a request for summons or an affidavit designating the last

known address of each defendant for service of the summons. Plaintiff mailed forms for service

of summons on August 26, 2022, and summons was not issued until September 1, 2022.

¶ 8          The Department moved to dismiss the complaint under section 2-619(a)(5) of the

Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2022)), for failure to comply

with section 3-103 of the Administrative Review Law (735 ILCS 5/3-103 (West 2022)), which

required plaintiff to cause summons to issue within 35 days of the final administrative decision.

The Department noted the 35-day period ended on August 15, 2022.

¶ 9          Plaintiff filed a response, generally contending (1) the limitations period should

be tolled because of equitable concerns and when plaintiff faced unique challenges when

submitting legal filings, (2) the summons forms should be considered filed on August 26, 2022,

which was the day they were mailed, (3) the 35-day period was inapplicable because a final

administrative decision never issued as Hou determined she lacked jurisdiction to review the

matter, and (4) the complaint alleged statutory and constitutional claims not subject to the 35-day

period. Plaintiff included an unnotarized affidavit stating he received the summons forms on

August 18, 2022, and mailed them on August 26, 2022.

¶ 10         The Department replied, arguing tolling of the limitations period was not

supported by law. The Department further noted that even if the summons forms were

considered filed on the day plaintiff mailed them, they were still mailed after the 35-day period

ended. The Department also argued there was a final administrative decision and, if there was

not one, then the matter was not ripe for review.

¶ 11        On March 22, 2023, the trial court held a hearing on the motion to dismiss. There is no transcript or substitute for a transcript of the hearing in the record. In a written order, the court dismissed the complaint, finding the administrative review action was subject to the 35-day limitations period and plaintiff failed to have summons issued within 35 days of the final administrative decision. Additionally, the court rejected plaintiff's contentions that the period should be tolled and found that a two-year limitations period should not apply to the complaint.

¶ 12        This appeal followed.

¶ 13                              II. ANALYSIS

¶ 14        On appeal, plaintiff contends the trial court erred in dismissing his complaint under section 2-619(a)(5) of the Code because (1) the limitations period should be tolled when plaintiff alleged ongoing violations and faced unique challenges in serving process because institutional mail moves more slowly than standard mail, (2) the 35-day period was inapplicable because there never was a final administrative decision when Hou determined she lacked jurisdiction to review the matter, and (3) the 35-day limitations period was inapplicable because his complaint included statutory and constitutional claims subject to a 2-year limitation period.

¶ 15        When reviewing a decision under the Administrative Review Law, we normally review the agency's decision rather than the trial court's determination. *Comprehensive Community Solutions, Inc. v. Rockford School District No. 205*, 351 Ill. App. 3d 1109, 1113, 815 N.E.2d 483, 487 (2004). Here, however, we are not reviewing the agency's decision but the trial court's ruling dismissing plaintiff's complaint in administrative review. See *Rodriguez v. Sheriff's Merit Comm'n of Kane County*, 218 Ill. 2d 342, 357, 843 N.E.2d 379, 387 (2006) (our supreme court reviewed and affirmed the trial court's dismissal of a complaint in administrative review).

¶ 16    Section 2-619(a) of the Code provides a defendant may file a motion for dismissal on nine different enumerated grounds, including when an action was not commenced within the time limited by law. See 735 ILCS 5/2-619(a)(5) (West 2022). The trial court should grant a motion and dismiss a complaint if, after construing the allegations in the light most favorable to the plaintiff, no set of facts can be proved that would entitle the plaintiff to recover. *Payne v. Lake Forest Community High School District 115*, 268 Ill. App. 3d 783, 785, 644 N.E.2d 835, 836 (1994). "When reviewing the propriety of the trial court's decision to grant a section 2-619 motion, the reviewing court must accept as true all well-pleaded facts alleged in the complaint." *Id.* We review the trial court's ruling on a section 2-619 motion to dismiss *de novo*. *Id.*

¶ 17    Section 3-102 of the Administrative Review Law provides, "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102 (West 2022). Under section 3-103 of the Administrative Review Law, "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3-103 (West 2022). "[A] decision shall be deemed to have been served either when a copy of the decision is personally delivered or when a copy of the decision is deposited in the United States mail, *** addressed to the party affected by the decision ***." *Id.* Further, "[i]n an action for administrative review, the clerk of the circuit court 'shall issue summons upon request of the plaintiff.' " (Emphasis omitted.) *Blumhorst v. Department of Employment Security*, 335 Ill. App. 3d 1075, 1078, 783 N.E.2d 654, 657 (2002) (quoting 735 ILCS 5/2-201(a) (West 2000)).

- 5 -

¶ 18          The 35-day period for the issuance of a summons is not a jurisdictional but a mandatory requirement of the Administrative Review Law, and a plaintiff must show a good-faith effort to file the complaint and secure issuance of the summons within the 35 days to avoid dismissal of the administrative-review action. *Carver v. Nall*, 186 Ill. 2d 554, 559, 714 N.E.2d 486, 489 (1999), *overruled on other grounds by Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 424, 799 N.E.2d 260, 268 (2003). Once a defendant comes forward with evidence the circuit clerk issued the summons more than 35 days after service of the administrative decision, the burden shifts to the plaintiff to come forward with evidence that he attempted, in good faith, to obtain the issuance of the summons within the 35-day period. *Blumhorst*, 335 Ill. App. 3d at 1078. "Merely assuming that the clerk will issue a summons does not qualify as a good-faith effort to obtain the issuance of the summons." *Id.* at 1079.

¶ 19          Here, the record is clear plaintiff failed to cause the summons to issue within the 35-day period. The period began on July 11, 2022, when the administrative decision was mailed to plaintiff. Summons was not issued until September 1, 2022, well after the 35-day period expired. We note, even if the summons was deemed served when plaintiff put the forms requesting summons in the mail on August 26, 2022, that too was after the 35-day period expired.

¶ 20          Plaintiff argues the limitations period should be tolled for various reasons, including what he characterizes as ongoing violations and hardships connected with the mailing of legal documents from the Center. However, plaintiff had the burden of presenting evidence to show that he attempted, in good faith, to obtain the issuance of the summons within the 35-day period. In that regard, we note a hearing was held on the matter, during which plaintiff could have presented evidence of circumstances preventing a good-faith attempt at the issuance of

summons, if such circumstances existed. However, the record does not contain a transcript of that hearing or a substitute for a transcript. Thus, the record does not show plaintiff met his burden of showing the delay in serving summons was connected with circumstances beyond his control.

¶ 21   An appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed the order entered by the trial court was in conformity with law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. Given the lack of a transcript here, we presume the court had a sufficient factual basis to determine plaintiff failed to show a good-faith basis for why he did not cause summons to issue sooner.

¶ 22   Plaintiff also argues the 35-day period should not apply at all. First, he contends there was never a final administrative decision because the Department found it lacked jurisdiction to determine the merits of the issue. However, an administrative decision is defined under the Code as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3-101 (West 2022). Here, the Department's order affected plaintiff's legal rights and terminated the proceedings before the agency. Thus, there was a final administrative order. Further, there must be a final administrative decision in order for the trial court to exercise jurisdiction. See *id.* § 3-104. Accordingly, even if we were to accept plaintiff's argument, we would be required to dismiss this appeal based on the lack of a final order.

¶ 23        Plaintiff further argues the complaint was subject to a two-year limitations period because he alleged ongoing violations and statutory or constitutional claims. The appellate court has jurisdiction to review administrative decisions as provided by law. *Cigna v. Illinois Human Rights Comm'n*, 2020 IL App (1st) 190620, ¶ 15, 165 N.E.3d 964. Administrative review actions involve the exercise of special statutory jurisdiction. *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 30, 727 N.E.2d 1022, 1025 (2000). "When a court is exercising special statutory jurisdiction the language of the act conferring jurisdiction delimits the court's power to hear the case. A party seeking to invoke special statutory jurisdiction thus 'must strictly adhere to the prescribed procedures' in the statute." *Id.* (quoting *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 12, 649 N.E.2d 404, 410 (1995)).

¶ 24        Here, plaintiff specifically sought review of an administrative decision. Thus, he was required to strictly adhere to the requirements of the Administrative Review Law. Plaintiff's addition of statutory or constitutional allegations did not transform his complaint into something else. Accordingly, the 35-day limitations period still applied. Because plaintiff failed to cause summons to issue within that period, the trial court properly granted defendants' motion to dismiss the complaint with prejudice.

¶ 25                            III. CONCLUSION

¶ 26        For the reasons stated, we affirm the trial court's judgment.

¶ 27        Affirmed.