NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 230647-U

NO. 4-23-0647

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 22, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JUDITH MEMINGER, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Peoria County |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES; | ) | No. 23MR58 |
| GRACE B. HOU, in Her Official Capacity as Secretary | ) | |
| of the Illinois Department of Human Services; and | ) | |
| THERESA EAGLESON, in Her Official Capacity as | ) | Honorable |
| Secretary of Healthcare and Family Services, | ) | Derek G. Asbury, |
|     Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court did not err as a matter of law when it dismissed plaintiff's administrative review action where plaintiff failed to properly serve defendants.

¶ 2     Plaintiff, Judith Meminger, brought a *pro se* complaint for administrative review against defendants, the Illinois Department of Human Services (Department); Grace B. Hou, in her official capacity as Secretary of the Department; and Theresa Eagleson, in her official capacity as Secretary of Healthcare and Family Services (collectively, Department). The trial court dismissed the action, finding plaintiff failed to properly serve the Department. Plaintiff appeals. For the following reasons, we affirm.

¶ 3                              I. BACKGROUND

¶ 4     Plaintiff filed an application for Medicaid benefits with the Department on behalf of her husband. The Department issued its decision, explaining benefit eligibility and approval.

Plaintiff filed an administrative appeal with the Department's Bureau of Hearings, seeking reimbursement for payments made to a long-term care facility. Following a hearing, the Bureau of Hearings held that it did not have subject-matter jurisdiction over plaintiff's claim. Specifically, it held plaintiff failed to demonstrate her reimbursement request fell within one of the enumerated grounds for appeal. See 89 Ill. Adm. Code 10.280(a) (2019). The decision was dated January 30, 2023, and provided it was reviewable before the trial court within 35 days.

¶ 5 On February 27, 2023, plaintiff filed a complaint for administrative review before the trial court. On March 1, 2023, summons issued on a form plaintiff filled out and provided: "To each Defendant: YOU ARE SUMMONED and required to file an answer in this case or otherwise file your appearance in the office of the clerk within 35 days of the date of the summons."

¶ 6 On March 9, 2023, the summons was served on the Department by the Sangamon County Sheriff's Office. The return of service was filed on April 4, 2023.

¶ 7 On June 6, 2023, the Department filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2022)). The Department argued plaintiff's summons was faulty because it was served by the Sangamon County Sheriff's Office and the Code required the summons be served by registered or certified mail (735 ILCS 5/3-105 (West 2022)) and the summons was otherwise faulty because it was not in proper form (citing Ill. S. Ct. R. 291(a) (eff. Jan. 1, 2018)).

¶ 8 On June 22, 2023, plaintiff filed a response, which stated (1) she was advised by someone in the clerk's office that the Sangamon County Sheriff's Office needed to receive the summons to serve the Department, (2) she did not knowingly serve the summons in violation of the law, and (3) no harm occurred because the Department was nonetheless served within the 35-day requirement required by law.

¶ 9　　　　　On June 23, 2023, the trial court held a hearing on the Department's motion to dismiss. The Department maintained plaintiff failed to properly effectuate service within the time prescribed by law and the matter should be dismissed. Plaintiff argued she did what she was told to do. The court found proper service was plaintiff's responsibility and the clerk's office could not give legal advice. The court confirmed with plaintiff that she had not taken any action to properly serve the Department since learning of the faulty service. The court found the good-faith exception did not apply and granted the Department's motion to dismiss.

¶ 10　　　　　This appeal followed.

¶ 11　　　　　　　　　　　　　　　II. ANALYSIS

¶ 12　　　　　On appeal, plaintiff argues the trial court erred when it dismissed her case. She concedes she failed to properly serve the Department but argues she made a good-faith effort to serve the Department and the Department suffered no prejudice. The Department argues dismissal was proper because plaintiff failed to either obtain a timely issuance of summons in the proper form or demonstrate she made a good-faith effort to comply with the Code. We review the court's dismissal *de novo*. *Caruth v. Quinley*, 333 Ill. App. 3d 94, 97 (2002).

¶ 13　　　　　Administrative review actions involve special statutory jurisdiction, and when a party seeks judicial review of an administrative decision, strict compliance with the rules is required. *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 30-31 (2000). The Code requires a plaintiff to cause the issuance of summons by the clerk of the court within 35 days of the final administrative decision, and it shall appear in a form prescribed by the rules of the supreme court. 735 ILCS 5/3-103 (West 2022); Ill. S. Ct. R. 291(a) (eff. Jan. 1, 2018). Accordingly, the summons must be served by "registered or certified mail" in an administrative review action. 735 ILCS 5/3-105 (West 2022). Although this service requirement is not jurisdictional, it is

mandatory and cannot be waived. *Palos Bank & Trust Co. v. Illinois Property Tax Appeal Board*, 2015 IL App (1st) 143324, ¶ 26. However, a narrow good-faith exception exists where a plaintiff's failure to strictly comply is not fatal to the claim as long as the plaintiff demonstrates a good-faith effort to comply with the rules and the failure occurred due to circumstances beyond the plaintiff's control. *Palos Bank & Trust Co.*, 2015 IL App (1st) 143324, ¶ 17; *Brazas v. Property Tax Appeal Board*, 309 Ill. App. 3d 520, 527 (1999). In these circumstances, the plaintiff must present evidence that likewise would be admissible in opposing a motion for summary judgment, such as pleadings, affidavits, or testimony. *Blumhorst v. Illinois Department of Employment Security*, 335 Ill. App. 3d 1075, 1078 (2002).

¶ 14        In this case, we accept plaintiff's concession that she failed to properly serve the Department and need only decide whether the trial court erred when it held plaintiff did not satisfy the good-faith exception. Plaintiff argues the exception applies because she had no reason to doubt the accuracy of the instructions she was given by the clerk and did exactly what she was told to do. We find this reason insufficient to satisfy the exception, as "mere reliance on the clerk is insufficient to constitute good faith." *Burns v. Department of Employment Security*, 342 Ill. App. 3d 780, 791 (2003); *First National Bank of Mattoon v. Mattoon Federal Savings & Loan Ass'n*, 175 Ill. App. 3d 956, 961 (1988) ("One acting upon statements of a circuit clerk or the sheriff does so at his own risk."); *Bernier v. Schaefer*, 11 Ill. 2d 525, 530 (1957) ("[I]t is no part of a deputy clerk's task to give litigants legal advice."). Plaintiff relied on the clerk for legal advice, which was a decision within her control. See *Palos Bank & Trust Co.*, 2015 IL App (1st) 143324, ¶ 17. Further, plaintiff failed to support her claim of good-faith effort before the trial court with any evidentiary support. See *Blumhorst*, 335 Ill. App. 3d at 1078.

¶ 15        Nevertheless, plaintiff relies on *Worthen v. Village of Roxana*, 253 Ill. App. 3d 378, 382 (1993), for the proposition that courts should not find hypertechnical excuses to avoid deciding the merits of a case where no delay or harm was caused by the technical violation to any party. In *Worthen*, the court decided whether the petitioners' failure to name a necessary party in the caption of their petition for review was a fatal defect where the unnamed party was properly served and petitioners, without delay, requested leave to amend the petition to add the unnamed party to the caption. *Worthen*, 253 Ill. App. 3d at 381. The court found the petitioners demonstrated a good-faith effort to comply with the rules by timely serving the unnamed party and promptly seeking leave to amend the petition. *Worthen*, 253 Ill. App. 3d at 382. The court explained, failure to include an unnamed party in the caption in that instance appeared to be a clerical error and no delay or harm to any party was caused by the technical violation. *Worthen*, 253 Ill. App. 3d at 382. The facts of this case do not warrant the same result, where the improper service was not due to a clerical error and plaintiff took no steps to remedy her errors.

¶ 16        Like *Worthen*, other cases finding the good-faith exception applied are also inapposite compared to the facts of this case. See *Piasa Motor Fuels, Inc. v. Illinois Department of Revenue*, 138 Ill. App. 3d 422, 427 (1985) (finding the exception applied where the delay in issuing the summons was not the plaintiff's fault but was due to misplacement of the file in the clerk's office); *Burns*, 342 Ill. App. 3d at 794 (finding the exception applied where the plaintiff's failure to properly serve the agency was at least partly attributable to confusion among different service requirements that were not entirely consistent); *Wilson v. Regional Board of School Trustees of Monroe-Randolph Counties*, 179 Ill. App. 3d 485, 487 (1989) (finding the exception applied where the plaintiff acted in a prompt and timely manner to issue summons but the clerk incorrectly issued the wrong summons); *City National Bank & Trust Co. v. Property Tax Appeal*

*Board*, 97 Ill. 2d 378, 381-82 (1983) (finding the exception applied where the plaintiff presented summonses to the clerk for issuance within the 35-day period but the clerk did not sign and send the summonses until the 36th day). Therefore, we find the trial court did not err as a matter of law when it dismissed plaintiff's administrative review action for improper service.

¶ 17                                III. CONCLUSION

¶ 18          For the reasons stated, we affirm the trial court's judgment.

¶ 19          Affirmed.